## JOHN SKRABLE V. AARON PRYNE, Appellant.

**Settlement:** INFORMAL ARBITRATION.  An arbitration orally agreed
to and wholly informal, the award being assented to, may still
constitute a settlement.

**Practice.**  A continuance for surprise should be denied if the new
pleading be withdrawn.

*Appeal from Benton District Court.*—HON. JOHN R.
CALDWELL, Judge.

SATURDAY, FEBRUARY 2, 1895.

Action at law to recover an amount alleged to have
been found and agreed to be due on settlement of
accounts.    There was a trial by jury, and judgment for
the plaintiff.    The defendant appeals.—*Affirmed*.

*Tom H. Milner* for appellant.

*Frank Cuba* and *Struble & Stiger* for appellee.

Robinson, J.—At a time not shown, the defendant and one C. W. Lewis entered into an agreement by which the former leased to the latter a farm and certain stock for the term of three years commencing in March, 1889. In August, 1890, the defendant was much dissatisfied with the manner in which Lewis had performed his part of the agreement, and proposed that he should leave the farm before the termination of the lease. It was finally agreed that matters in dispute between them should be referred to arbitrators. That was done. The arbitrators considered the matter submitted to them, and decided that the defendant was indebted to Lewis in the sum of one hundred and ninety-eight dollars and eight cents. Lewis surrendered possession of the farm. The amount found due him not having been paid, he assigned his interest in it to the plaintiff, and this action is brought to recover that amount. The defendant denies that he is owing anything on account of the claim in suit, and avers that at the time of the arbitration Lewis was owing him, for the use of cows, the use of a horse, for hay and grain, for breaking a spade and shovel, and for the failure to cultivate a crop of corn properly, various sums, amounting in all to one thousand and one dollars, and that none of those matters were considered by the arbitrators. The jury found in favor of the plaintiff for the full amount of his claim, and judgment was rendered for it.

I. The plaintiff filed in the District Court a petition, and on the day the cause was reached for trial he filed a substitute for it. When that was done, the defendant filed a motion for a continuance upon the alleged grounds that the substituted petition changed the issues; that it made a new and additional demand; that the defendant was surprised,

and not prepared for trial, as to the new issues, on account of the absence of testimony. The substituted petition contained a count based upon an alleged sale made by the defendant, after the arbitration was had, of two hogs owned by him and Lewis jointly. When the motion for a continuance was filed, that count was withdrawn, and the motion was overruled. After the count referred to had been withdrawn, the substituted petition alleged substantially the same cause of action as that set out in the original petition, although in somewhat different language, and the defendant admitted that as to that he was prepared for trial. The motion for a continuance was therefore properly overruled.

II.  The appellant contends that the evidence does not show an arbitration. There was no written agreement to arbitrate, and no award in writing was made. What was done was wholly informal, and did not constitute a statutory arbitration. There is much conflict in the evidence as to what was included in the arbitration and settlement, but we think the jury were authorized to find, and that the evidence shows facts as follows: Two arbitrators were called, by agreement of the parties, to settle their differences. Each one gave to the arbitrator he had selected a memorandum of the claims he made, and these were before the arbitrators when they acted. They inquired as to relevant facts, and made such examination of property as they deemed best in order to arrive at a just result. They refused to settle certain claims for damages which the parties made, and finally each party waived his claim to damages, and the arbitrators then found in favor of Lewis as we have stated. What was done was designed to be a full and complete settlement of all the matters in controversy

between the parties, and after it was made the defendant expressed himself as satisfied with it. The conditions of settlement required Lewis to surrender his lease, and leave the leased property, and he did so. It is possible that claims for one or two items of minor importance were not considered in making the settlement, but they are of doubtful merit, and no reason for the failure of the defendant to present them is shown. They are not of sufficient importance to justify the setting aside of the settlement, and, in view of all the facts disclosed by the record, should be treated as waived.

III. Complaint is made of the rulings of the court in admitting evidence as to matters which did not arise under the lease. Evidence of that kind was properly admitted to explain the scope and effect of the settlement. Portions of the charge to the jury are criticised. We have examined the entire charge with care, and are of the opinion that it contains nothing prejudicial to the defendant. The judgment of the District Court is *affirmed*.