CERRO GORDO COUNTY v. WRIGHT COUNTY.

1. **Practice in Supreme Court:** MOTION TO DISMISS APPEAL. The appellant having in this case shown by affidavit that the grounds on which was based a motion to dismiss the appeal are not true, *held* that the motion must be overruled.

2. **Jurisdiction:** EXCLUSIVE IN CIRCUIT COURT: ACTION FOR SUPPORT OF NON-RESIDENT PAUPER. Under section 1359 of the Code, the Circuit Court has exclusive jurisdiction of proceedings by one county against another to recover for money expended in support of a pauper whose legal residence was in the latter county.

3. ———: PRACTICE IN SUPREME COURT. Consent of parties cannot confer jurisdiction over the subject-matter of an action; and the objection that the court below had no jurisdiction may be raised for the first time in this court.

*Appeal from Franklin District Court.*

·TUESDAY, OCTOBER 17.

THE plaintiff, claiming it had furnished support to a poor person who had a legal settlement in the defendant county, commenced this proceeding to recover the amount thus expended. Trial by jury, verdict and judgment for the plaintiff. The defendant appeals.

*Nagle & Weber*, for appellant.

*Kellam, King & Henly*, for appellee.

SEEVERS, CH. J.—The motion to dismiss the appeal must be overruled, because the appellant shows by an affidavit the

1. PRACTICE in supreme court : motion to dismiss appeal.

ground upon which the motion is based is not true. This is a special proceeding commenced in the Circuit Court of Wright county, under and in the manner provided in section 1359 of the Code. The plaintiff moved the court to change the place of trial, on the ground that Wright county was defendant in the action. The motion was sustained, and, by consent of the parties, the case was sent to the District Court of Hardin county.

That the Circuit Court, under section 1359 of the Code, had exclusive jurisdiction of the subject-matter must, we think, be conceded. This being so, it follows of course the District Court did not have jurisdiction. This point is now urged by counsel for the appellant for the first time, and it is insisted, as the District Court had no jurisdiction, its judgment must be set aside.

*2. JURISDICTION: exclusive in circuit court: action for support of non-resident pauper.*

It is undoubtedly true that consent of the parties cannot give a court jurisdiction over the subject-matter of an action. *Walters v. The Steamboat Mollie Dozier*, 24 Iowa, 192; *Walker v. Kynett*, 32 Id., 524. The case first cited also holds the jurisdictional question may be raised for the first time in the Supreme Court; and in *Groves v. Richmond et al.*, 53 Id., 570, this court on its own motion took notice of and determined such question. It therefore follows, the judgment of the District Court must be reversed, although we find no error other than that above stated in the record. The cause will be remanded to the Circuit Court of Wright county where the error first occurred. *Fergison v. Davis County*, 51 Id., 220.

*3. ——: practice in supreme court.*

REVERSED.