Fort Dodge Lumber Company, Appellee, v. L. H. Rogosch
et al., Appellants.

**ATTORNEY AND CLIENT:**   Authority of Attorney—Stipulations.
1  A stipulation for the settlement of an action, signed by the at-
torneys for the defendant in the presence of some of the defendants,
will be presumed to have been signed by defendant's authority.

**ARBITRATION AND AWARD:**   Agreement to Submit—Construction.
2  In a controversy as to the amount due for materials furnished in
the construction of a house, an agreement that two named parties
shall examine the house and determine the quantity of materials
used and make report, and providing that the price of said ma-
terials shall be estimated at the market price at time of construc-
tion, embraces the power on the part of said arbitrators to fix the
price of said materials.

**APPEAL AND ERROR:**   Reserving Question in Lower Court—Ex-
3  ceptions to Rule—Jurisdictional Matters.   Want of jurisdiction
in the lower court may be presented for the first time in the ap-
pellate court.

PRINCIPLE APPLIED:   Plaintiff brought action to foreclose
a mechanic's lien.   Before trial, a written stipulation, not amount-
ing to a statutory submission to arbitration, was entered into, pro-
viding:   ''This case is settled and shall be disposed of in the fol-
lowing manner.''   Two arbitrators were agreed on who were to
examine the property and report the amount and price of the ma-
terials.   Defendants agreed to pay the amount of such report, less
credits.   *No provision whatever was made for filing said report in
court nor for the entry of judgment on the said report.*   The arbi-
trators made their report.   The report was filed in the clerk's of-
fice.   The court proceeded to enter judgment on the stipulation and
report.   *Held*, the court was wholly without jurisdiction to enter
such judgment and such want of jurisdiction might be raised for
the first time on appeal.

**ARBITRATION AND AWARD:**   Submission—Common Law Submis-
4  sion—Entry of Judgment—Effect.   A judgment entered upon an
award in a non-statutory arbitration submission, without action
thereon, is a nullity.

PRINCIPLE APPLIED:   See No. 3.

*Appeal from Webster District Court.*—R. M. WRIGHT, Judge.

FRIDAY, APRIL 7, 1916.

THIS is an appeal from the ruling of the trial court denying the motion to set aside a stipulation and judgment. The appeal is from such motion. Upon the hearing of the motion, it was overruled, and the defendants appeal.—*Reversed.*

*Files & Maher,* for appellants.

*Burnquist & Joyce,* for appellee.

PRESTON, J.—1. The case was started in equity for judgment against defendants and to foreclose a mechanic's lien, but, the appeal being from the order of the court denying the motion, the case is not triable *de novo* here. There was no decree of foreclosure entered, but simply a judgment against defendants. The motion in the lower court raised but three questions, and the grounds thereof, briefly stated, are as follows:

1. That the stipulation of settlement was not authorized by the defendants.

2. That the persons appointed by said stipulation did not follow its directions.

3. That plaintiff had no lien upon the premises.

The third proposition is not argued, and there is but little controversy as to the first. The real point in the case is as to the second, although some other questions are argued as though they had been properly raised in the lower court, or are such that they may be raised here for the first time.

The defendant, Mrs. Rogosch, is the owner of the real estate described in the petition. In 1912, defendants entered into an oral contract with a firm of carpenters, Anderson & Woodbury, by which the carpenters agreed to furnish materials and construct for defendants, according to specifications, a dwelling house on the lots described, for the contract price

of $1,283; and the residence was constructed. A part of the material for the building was furnished by plaintiff and was purchased by the carpenters. The defendants paid plaintiff $800 at one time, on behalf of the contractors. On February 4, 1913, plaintiff, as a sub-contractor, filed a statement with the clerk for a mechanic's lien. March 7, 1913, plaintiff filed its petition to foreclose the lien. An answer was filed by defendants, and, on September 11, 1914, when the cause was about to be reached for trial, the attorneys for plaintiff and defendants, and in the presence of one of the defendants, executed the following stipulation:

"This case is settled, and will be disposed of in the following manner, to wit:

"The parties hereto agree that G. Proeschold and Gus Bienz are agreed upon to examine the Rogosch house referred to in plaintiff's petition, and for the construction of which the lumber was furnished by the Fort Dodge Lumber Company, and make a report showing the amount of lumber and plaster of all kinds used in the construction of said house as nearly as the same can at this time be determined, including all necessary and reasonable waste. When said report is made, the price of said lumber and plaster furnished by plaintiff shall be estimated at the market price thereof at the time the house was under construction. The defendants shall pay to the plaintiff any balance remaining unpaid, after allowing credit to defendants for all payments heretofore made on said lumber to plaintiff. If the report shows that there is a balance owing to plaintiff, defendants shall pay the costs of this proceeding, and if the report shows that no balance is owing to plaintiff, then plaintiff shall pay the costs hereof. In the event that it is determined that there is an amount due plaintiff, said sum so due shall draw interest at the rate of six per cent. per annum from the first day of May, 1913." (Signed by the attorneys for the respective parties.)

The attorneys acting for defendants at that time were Mitchell & Fitzpatrick. It seems that the two persons named

as so-called arbiters were named by Mr. Rogosch, the defendant, who was present. The cause then awaited the report of the persons so appointed, who went to the premises to inspect the house. The defendants joined with them, showed them through the house, and showed them the plans and specifications. They told them what materials in the specifications were not furnished by plaintiff, and such items were left out of the report. A report showing the amount due as figured was filed with the clerk, September 17, 1914, and, not being in proper form, a supplemental report, signed by the persons named in the stipulation, was filed on September 19th. Defendants testified that, on that day, as soon as they heard what had been done, they informed Mr. Mitchell, their attorney, that they would not carry out the stipulation; and he told them, in substance, that he would not act for them further, and to get another attorney. The reports give a list of lumber and materials, and recite:

"We have inspected and examined the home owned by defendants, for which lumber and plaster were furnished by the Fort Dodge Lumber Company in the years 1912 and 1913, and have made a list of all lumber and plaster which we found in said building, which said list is hereto attached and made a part hereof, having been heretofore filed in the office of the clerk of the district court. We further certify that we have gone over said list and have accurately estimated the price of said lumber and plaster in said building furnished by plaintiff at the market price thereof in the fall and winter of 1912 and 1913 in Fort Dodge, Iowa, and find that the reasonable price of said lumber and plaster in said house furnished by plaintiff is, and was at said time, in the sum of $1,450."

Plaintiff's attorneys saw the defendants, but did not take judgment against them until October 7, 1914, which was 18 days after the stipulation was filed, and about that length of time after Mr. Mitchell had told them to procure another attorney.

The substance of the judgment and decree entered finds

and determines that the court has full jurisdiction over the parties and the subject matter of the action, and further:

"The court, proceeding to a hearing on said case, finds and determines that this cause was settled by stipulation entered into by and between all parties hereto."

And a copy of the stipulation is set out in the judgment and decree. The judgment and decree further recites the further proceedings and the report, and that $800 had been paid upon the account, and further, that there was the sum of $650, with interest, still due, and judgment was entered therefor.

On October 24, 1914, defendants filed their motion to set aside the stipulation and judgment rendered by the court upon the report, for the reasons heretofore briefly stated. The motion was supported by affidavits, and there was a resistance thereto by plaintiff, and witnesses were called and testified in open court upon the issues raised by the motion.

The assignments of error are:

First. That the so-called arbitrators failed to proceed under the terms of the stipulation.

Second. That the judgment was entered against defendants at a time when they had no attorney.

Third. That the stipulation itself contains no provision for judgment upon the report, and did not provide for the filing of said report in any court, and that, by the terms of the stipulation itself, the case had been settled, and that the original case no longer existed; and further, that the court had no jurisdiction to enter judgment without provision's having been specifically made for such an entry in the stipulation, especially since there was no statutory submission to arbitration.

As before stated, another ground of the motion was that plaintiff had no lien, but this point is not argued. No lien was established by the decree.

On another ground of the motion, that judgment was entered when defendants had no attorney, there is but little,

if any, argument. There is no merit in this last proposition.

1. ATTORNEY AND CLIENT: authority of attorney: stipulations.

The attorney who signed the stipulation for defendant did so in the presence of one of the defendants, and, under the circumstances of the case, we think there is no doubt that there was authority to enter into the stipulation.

As to the first assignment of error, we think the arbitrators did follow the terms of the stipulation. The point here is that, while the stipulation provides that the price shall be

2. ARBITRATION AND AWARD: agreement to submit: construction.

fixed, it does not specifically provide that it shall be fixed by the two persons appointed. But the stipulation provides that payment shall be made by one party to the other, which-ever way it is found that the balance is due, and this could not be done unless the price was fixed by someone, and there is no provision for the court or anyone else to fix the price. The defendant, Mrs. Rogosch, the owner of the property, made an affidavit in regard to this; but, as a witness on the stand, she said, in regard to her attorney's drawing the stipulation:

"Q. And that Mr. Bienz and Mr. Proeschold were to go to the home, they would go out there and see what the stuff was worth and what material there was in the house? A. Yes, sir. Q. And he said that he was going over to the courthouse and draw up a kind of a paper, didn't he? A. He said that he will draw up a paper to that effect. I was in his office when he said he was going over to the courthouse and draw up some paper to have Mr. Bienz and Mr. Proeschold go out and look over the place, and for them to see how much material there was in the house and how much it was worth; I was willing to let those two men decide that, and I told Mr. Mitchell that at that time."

As said, the arbitrators visited the place and examined it in connection with the plans and specifications. Some of the lumber was concealed under the plaster, and they determined such matters from the plans and specifications, and perhaps with some explanation by the defendants, who were present.

So that it is our conclusion that the fixing of the price was within the contemplation of the parties in drawing the stipulation, and that they had a right to determine that question.

. 2.  The next question in the case is as to the third assignment of error, and whether the court had any jurisdiction to render judgment.  This question was not raised in the motion to set aside, but it is appellants' contention that, if there was no jurisdiction to enter the judgment upon the report or award, the question may be raised in this court for the first time.  This is the troublesome point in the case.  This question seems not to be argued by appellee, except that they say that the court had the right to enter judgment upon either the petition or the stipulation.  They cite authorities to the point that appellants cannot raise any points upon appeal which were not within the issues in the trial in the court below, and this applies, as we understand it, to some other points which have been argued by appellants and which were not raised in the court below.  Their contention is that the effect of the stipulation was to work a dismissal of the pending action, and their claim is that the remedy is by an independent action upon the report or award.  To the point that the stipulation works a dismissal, they cite *Goodwin v. Merchants' & Bankers' Mut. Ins. Co.,* 118 Iowa 601.

Appellants contend that the stipulation effected, at most, a common law rather than a statutory submission to arbitration, citing *Fink v. Fink,* 8 Iowa 313, *Love v. Burns,* 35 Iowa 150, *Foust v. Hastings,* 66 Iowa 522, *Wilkinson v. Prichard,* 145 Iowa 65.  They say also that, there being no statutory submission, the lower court was without authority or jurisdiction to adopt the award and enter judgment thereon. *Burroughs v. David,* 7 Iowa 154, 159; *Skrable v. Pryne,* 93 Iowa 691; *Thornton v. McCormick,* 75 Iowa 285, and cases before cited.

No authorities are cited by appellee on the point as to

3. APPEAL AND ERROR: reserving question in lower court: exceptions to rule: jurisdictional matters.

whether the question of jurisdiction may, under the circumstances, be now raised, and no authorities are cited by appellant other than those already referred to.  But the authorities seem to be all one way—that the Supreme Court will recognize a want of jurisdiction, even if no objection of that kind be made, and the court may raise the question itself.  Without a discussion of the cases, the following, among others, may be cited:  *State v. Van Beek,* 87 Iowa 569; *Cerro Gordo County v. Wright County,* 59 Iowa 485; *Walters v. Steamboat,* 24 Iowa 192; *Groves v. Richmond,* 53 Iowa 570; *St. Joseph Mfg. Co. v. Harrington,* 53 Iowa 380; *District Township v. District Township,* 45 Iowa 104.

The jurisdiction of the district court itself may, of course, be questioned in the Supreme Court.  It is quite clear that the stipulation is not a submission to a statutory arbitration.  It provides that the case is settled.  It is true that this does not mean under other provisions that it has been settled in the sense that the indebtedness has been paid, but that it is settled so far as the action is concerned.

4. ARBITRATION AND AWARD: submission: common law submission: entry of judgment: effect.

Furthermore, the stipulation nowhere provides that a judgment may be entered upon the finding of the arbitrators, and we think the court had no authority to render a judgment thereon.  There is no pretense that the court acted on anything else than the award of the arbitrators, except to deduct the $800 payment which the pleadings admitted had been made.

It is argued by appellee that this motion to set aside was only to set aside the stipulation, but we think the motion is broader than that.  We have given the language used.  It is true, however, that the grounds set out in the motion have reference more particularly to the stipulation, but the motion itself asked that the stipulation and the judgment be set aside.

For the reasons given, we are of opinion that none of the grounds urged in the motion for setting aside the stipulation are well taken, but that the district court had no jurisdiction

or authority to enter judgment, and that, though the question was not squarely raised by appellant in the district court, the point may be presented here.

The judgment is, therefore, *Reversed*, with directions to the district court to set aside the judgment.

EVANS, C. J., DEEMER and WEAVER, JJ., concur.