A. H. ALLEN, Appellee, v. FIRST NATIONAL BANK OF ROCKFORD, Appellant.

**JUDGMENT: Effect of Recitals.** Recitals in a decree to the effect
1    that the defendant has been duly served with a sufficient notice carry a strong presumption of correctness.

**JUDGMENT: Erroneous Judgment Not Subject to Collateral Attack.**
2    A judgment, though erroneous, is conclusive on collateral attack if the court had jurisdiction of the party and subject-matter. So held where the original notice was sufficient except in regard to crops mentioned in the decree.

**CHATTEL MORTGAGES: Estoppel to Assert.** A holder of a mortgage
3    on real estate and on the crops grown thereon who institutes foreclosure and later assigns his mortgage, which is then carried to foreclosure by the assignee, may not thereafter assert against a defendant in the foreclosure a *pre-existing* chattel mortgage on said crops.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

DECEMBER 31, 1920.

REHEARING DENIED MAY 10, 1921.

THE plaintiff charges defendant has converted described personal property, and should be made to respond to plaintiff in damages. He has verdict and judgment for $2,508.79. Defendant appeals.—*Reversed.*

*C. S. Moore* and *F. & F. M. Linnell,* for appellant.

*H. J. Fitzgerald* and *J. C. Campbell,* for appellee.

SALINGER, J.—I. The plaintiff has a chattel mortgage, made to him by W. C. Allen and Mary E. Allen on the 24th day of August, 1917. It secures an indebtedness of $4,000, and covers certain described live stock and certain crops raised by W. C. Allen as the tenant of the defendant bank. Plaintiff al-

leges, in a petition in which the appellant and others are made defendants, that the defendant bank willfully and wrongfully seized said property, caused same to be sold, and appropriated the proceeds of the sale to its own use; that said property is worth $4,000; and that, by reason of the foregoing matters, the defendant is indebted to plaintiff in that sum, with interest at 6 per cent from the first day of November, 1917.

One affirmative defense interposed by the defendant bank is that it has been duly adjudged in the past that the bank has title and claim to the property in question superior to that of the plaintiff; and that, therefore, he may not maintain his suit in conversion.   The record shows the bringing of a suit in a cause No. 7619 of the Floyd district court, wherein Z. T. Mitchell and Wm. F. Johannaber, trustees, were plaintiffs, and W. C. Allen, the maker of the mortgage upon which plaintiff now relies, plaintiff himself, and also the defendant bank, were made defendants.   The petition in case No. 7619 truly asserted the giving of a real estate mortgage and also a chattel mortgage by Wm. C. Allen, the maker of the mortgage upon which plaintiff relies in the present suit, which two mortgages secured certain described notes.   The real estate mortgage had a clause authorizing the court ''to appoint a receiver for the benefit of the mortgagee of the rents, issues, and profits.''   The petition prayed foreclosure of both mortgages; that a receiver be appointed to take charge of the property described in the chattel mortgage, who should sell same under the direction of the court and apply the proceeds on the mortgage indebtedness.   It is further prayed that the lien of the plaintiffs under the chattel mortgage be decreed to be paramount and superior to the interest and claims of all defendants in and to said property; that the equity of redemption of all defendants as to the mortgaged-personal property be foreclosed; and that an execution issue to sell respectively the real and the chattel property mortgaged.   By the decree and an amendment of same, the relief prayed was, in effect, granted, and the chattel property was sold on special execution, as per decree.   It is the undisputed testimony that, at the sales, A. H. Allen, the present plaintiff, was present, and made no objection, and he bought some of the property at the sale.

The appellant bases a plea of adjudication upon said matters.

II.   The appellee makes several attacks upon the validity of the alleged adjudication.   One of them is that the chattel mortgage upon which the defendant bank relies did not cover the property described in the chattel mortgage upon which plaintiff relies.   Another is that the decrees relied on as an adjudication are fraudulent as against this plaintiff, and that they were obtained by committing a fraud upon the court, in that, when the decree was obtained, the plaintiffs "knew that the original notice in no manner apprised this plaintiff of matters set out in the decree as to crops."

It must suffice to say there is no evidence that any fraud was practiced upon the court, and that the evidence heavily preponderates for the claim that the property described in the chattel mortgage upon which plaintiff relies, and that described in the mortgage upon which defendant bank relies, are identical. In fact, the only contention which appellee seems to make with seriousness is "that the original notice in no manner apprised this plaintiff of matters set out in the decree as to crops."   It will be noted, then, that virtually there is no attack upon the adjudication asserted, except that the original notice did not sufficiently refer to the crops.   This would seem to work that no attack is made on the adjudication, except in so far as it deals with the crops which were raised under a lease running from June, 1917, to February, 1918. .

The decree in 7619 recites that the court is acting upon "having inspected the original notice and the service," and that it thereupon "expressly finds that all the named defendants have been duly and legally served with a sufficient notice according to law, in time for this term of court."   Those recitals do not seem to be challenged.   At all events, there is a strong presumption for their truthfulness, and that presumption has not been overcome.   See *Day v. Goodwin,* 104 Iowa 374; *Wright v. Mahaffey,* 76 Iowa 96; *Ketchum v. White,* 72 Iowa 193; *Hawk v. Day,* 148 Iowa 53; and 23 Cyc. 1088.

1. JUDGMENT: ·effect of recitals.

It follows the court had jurisdiction both over the person and the subject-matter.   In such cases, the judgment is con-

clusive on collateral attack, though the judgment be erroneous. It cannot be avoided collaterally, even if it was rendered on defective notice, and will stand unless there was what in law amounts to no notice.

2. JUDGMENT: erroneous judgment not subject to collateral attack.

The original notice in this case advises at what time and in what office the petition will be filed, and it was filed then and there. On collateral attack, this notice is supplemented by what could have been ascertained on reference to the petition when filed. The petition described the four notes that were, in fact, secured by the chattel mortgage upon which the defendant appellant relies, and the same chattel mortgage includes the crops whose conversion the plaintiff now charges. And the petition had a prayer to foreclose and sell the mortgaged real estate. There is a distinct statement that that mortgage has provision that, if suit be brought to foreclose, the court shall be authorized "to appoint a receiver for the benefit of the mortgagee, and as to the rents, issues and proceeds." The petition recites that, as additional security for said four notes, a chattel mortgage upon property described was given. Judgment is prayed for the amount due on the note and both mortgages, and that the lien of plaintiff, by virtue of the mortgages and notes, be decreed to be paramount and superior to the liens and interest of each and all of defendants; that plaintiff have a temporary receiver to take charge of all the mortgaged property and of the earnings, incomes, rents, issues, and proceeds thereof, pending the proceeding; and that, upon final hearing, a permanent receiver, with like duty, be appointed. Among other things, there is a prayer that the real estate mortgage be foreclosed, and as well the said chattel mortgage; that plaintiff may have accumulative judgment upon the said four promissory notes described in the said chattel mortgage; that the receiver may take charge of the property described in the chattel mortgage, and sell and dispose of the same under the direction of the court, and apply the proceeds upon said mortgage indebtedness. As already said, this prayed relief was, in substance, granted. This works a binding adjudication that appellant has the better title to the property which appellee claims appellant has converted.

The bank pleads that, about August 25, 1917, the plaintiff,

Allen, began foreclosure of a certain real estate mortgage on the land on which the crops in question were raised, and did so in case No. 7606; that the makers of the mortgage and the defendant bank as well were made defendants; that this mortgage gave the right to have a receiver to take charge of all rents and profits, including crops then growing, and to apply the proceeds, after deducting incidental expenses and fees upon the mortgage debt; that thereafter Mitchell and Johannaber, trustees, purchased said cause of action from this plaintiff, and were substituted plaintiffs, and they obtained judgment, decree, and foreclosure against all defendants named, including defendant bank. It is thereupon urged that these facts estop the present plaintiff from having or claiming any right, title, or interest under his alleged chattel mortgage, and that the lien of the trustees because of the said purchase of mortgage from plaintiff is and was paramount to any alleged lien plaintiff claims under his chattel mortgage; and then the decree in 7606 is pleaded as a full adjudication. The plaintiff replies he is in no manner estopped by the judgment in No. 7606, because any claim under the mortgage foreclosed in 7606 "was inferior to plaintiff's bona-fide recorded chattel mortgage, and was void on the ground of uncertainty."

*3. CHATTEL MORTGAGES: estoppel to assert.*

We are of opinion that this decree estops plaintiff to assert that defendant has converted said crops.

III. The point is made that Johannaber and Mitchell, trustees, were, if a tort was committed, joint tort-feasors; that the conduct of defendant has estopped him to say that these trustees were merely nominal parties; and that, therefore, the dismissal of the suit against these trustees operates to release the defendant bank, on the doctrine that releasing one joint tort-feasor releases all.

In view of the conclusions reached on the plea of adjudication, no consideration need be given to this and many other matters urged by appellant.

The court should have held that plaintiff has, as against defendant, no title, and that, therefore, plaintiff could not maintain conversion against defendant. For that reason, the judgment appealed from must be—*Reversed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.