ROBERT LATTA, Petitioner, v. HUBERT UTTERBACK, Judge, Respondent.

**SEARCHES AND SEIZURES:** Jurisdiction—Warrant By District Judge.
1    A judge of the district court may not issue a search warrant for intoxicating liquors. (Secs. 1968 *et seq.,* 13403, Code of 1924.)

**COURTS:** Jurisdiction—Jurisdictional Questions Always Presentable.
2    The total want of jurisdiction to issue a search warrant may be raised at any stage of the proceeding.

**Headnote 1:** 15 C. J. p. 992; 33 C. J. p. 678. **Headnote 2:** 15 C. J. p. 847.

*Certiorari to Polk District Court.*—HUBERT UTTERBACK, Judge.

DECEMBER 16, 1926.

Certiorari to review the action of the respondent judge of the district court in issuing a search warrant for intoxicating liquors.—*Writ sustained and action of respondent reversed.*

*Guy A. Miller,* for petitioner.

*Vernon R. Seeburger,* County Attorney, and *Russell Jordan,* Assistant County Attorney, for respondent.

VERMILION, J.—An information under oath, reciting that the affiant had good reason to believe, and did believe, that certain described intoxicating liquors were owned and kept by

**1. SEARCHES AND SEIZURES: jurisdiction: warrant by district judge.** petitioner on described premises in Polk County, was filed in the office of the clerk of the district court of that county, and a search warrant was issued, signed by the respondent, as judge of the district court of the county, commanding any peace officer of the county to search the described premises for such intoxicating liquors and to make return of the writ to the court. Return of the warrant was made by the sheriff of the finding of certain intoxicating liquors on the premises. Thereafter, petitioner filed in the office of the clerk of the court a written claim for the liquors so seized, alleging that the liquors were not obtained by him by means of unlawful transportation of the same, and were not intended for unlawful use or sale. He also filed a bond, which was approved by the clerk, conditioned for the payment of costs. Petitioner by his attorney demanded a jury trial; but, before the day set for trial, he sued out the writ of certiorari herein, alleging that the respondent exceeded his jurisdiction and acted illegally in issuing the search warrant.

It is urged by the respondent that certiorari will not lie, for two reasons: (1) That the petitioner is estopped, by filing a claim of ownership of the liquor and demanding a jury trial, from questioning the jurisdiction of respondent to issue the search warrant. (2) That there was no final judgment in the search warrant proceedings, and that the writ is therefore premature.

I. This is not a question of jurisdiction of the person of the petitioner, which may be waived by appearance. The

attack is upon the jurisdiction of the respondent over the sub-

2. COURTS: juris-
diction: juris-
dictional ques-
tions always
presentable.

ject-matter of the action. It is settled that an absolute want of jurisdiction of the subject-matter or of the cause of action cannot be waived. *Dicks v. Hatch*, 10 Iowa 380; *Walters v. Steamboat Mollie Dozier*, 24 Iowa 192; *Groves v. Richmond*, 53 Iowa 570; *Cerro Gordo County v. Wright County*, 59 Iowa 485; *Orcutt v. Hanson*, 71 Iowa 514; *State ex rel. Perine v. Van Beek*, 87 Iowa 569; *Wedgewood & Co. v. Parr*, 112 Iowa 514; *Porter v. Welsh*, 117 Iowa 144; *Fort Dodge Lbr. Co. v. Rogosch*, 175 Iowa 475; *Franklin v. Bonner*, 201 Iowa 516. See, also, 15 Corpus Juris 844. Nor can it be conferred by estoppel. *Freer v. Davis*, 52 W. Va. 1 (59 L. R. A. 556).

II. The general doctrine of the foregoing cases is that an absolute want of jurisdiction can be raised at any stage of the proceeding. *Walters v. Steamboat Mollie Dozier*, supra; *Wedgewood & Co. v. Parr*, supra; *Porter v. Welsh*, supra.

The petitioner was not required to wait until a judgment was rendered on the issue presented by his claim of ownership of the seized liquors, if the respondent had no power or jurisdiction to issue the search warrant. In *Des Moines U. R. Co. v. Funk*, 185 Iowa 330, a writ of certiorari had been sued out of the district court to review the action of the industrial commissioner in making an award of compensation for the death of an employee where the rights of the parties were controlled by the Federal Employers' Liability Act. We said:

"Jurisdiction involves the right to hear and determine. The writ of certiorari is allowed, to the end that the right to hear and determine may be investigated."

And further, referring to the right of appeal from the judgment that might have been rendered on the award by the district court, we said:

"No discussion can make plainer the fact that the commission had no jurisdiction to inquire into or determine any fact touching the liability of this plaintiff to the injured party, when both were engaged in interstate commerce. The commission assumed jurisdiction. It assumed the right to make a report to the district court, upon which, under the law, without notice to this plaintiff, judgment would be entered against the plaintiff. The proceeding here called in question the very right

to do this thing; questioned the right of this tribunal to do it. It was the only speedy remedy open to the complainant here. He was not required to sit by and permit a tribunal, acting upon a subject-matter over which it had no. jurisdiction, to determine the existence of a liability which, under that statute, must merge into a judgment, and then appeal from that judgment.''

If, and when, the petitioner's property was seized by virtue of a search warrant issued by a magistrate or tribunal entirely without jurisdiction to issue it, or to hear and determine any fact upon which the right to condemn and destroy the property would depend, the petitioner had a right to resort to an appropriate remedy to prevent such action. There is no claim that certiorari is not such a remedy. The resort to the remedy was not premature.

III. On the merits of the case, the only question presented is that of the authority of a judge of the district court to issue a search warrant for intoxicating liquors.

The contention of respondent is bottomed upon certain sections of the statute. Section 13403, Code of 1924, is as follows:

''The term 'magistrate' includes: 1. All judges of the Supreme, district, superior, or municipal courts, throughout the state. 2. All justices of the peace, mayors, and judges of the police court, within their respective counties.''

Section 1968, Code of 1924, is in Chapter 96, relating to search warrants, and under Title VI, the subject of which is intoxicating liquors, and provides, in part, as follows:

''Any credible resident of this state may, before a magistrate, make written information, supported by his oath or affirmation, that he has reason to believe and does believe that at a named place in the county wherein the information is filed: 1. Intoxicating liquors are being unlawfully kept; * * * .''

Section 1970 provides, in part:

''Said magistrate shall, upon finding that complainant has probable cause for the belief set forth in said information, issue his warrant of search.''

The argument is that, since a judge of the district court is, under Section 13403, a magistrate, and by Sections 1968 and 1970 a magistrate is, upon a proper information, authorized to

issue a search warrant for intoxicating liquors, therefore a judge of the district court may issue such warrant. The question is not so simple, nor the conclusion so obvious, as this argument would indicate.

Other sections of Chapter 96 provide for the posting of notice of a hearing where there is a seizure under the warrant (Section 1972), and for the right of the person named in the notice, or any other, to appear and show cause why the articles seized should not be destroyed (Section 1974). Section 1975 provides:

"The proceeding in the trial of such case may be the same, substantially, as in cases of misdemeanor triable before justices of the peace."

Any person who has appeared and acquired the right to contest the condemnation may demand a jury trial (Section 1976), and if, upon the hearing, the magistrate or the jury shall find the articles seized subject to forfeiture, the magistrate shall render judgment accordingly (Section 1979). Section 1981 is as follows:

"Any person appearing as aforesaid may appeal to the district court from said judgment or forfeiture, as to the whole or any part of said liquors, instruments, utensils, materials, or vessels claimed by him and so adjudged forfeited."

The State has the same right to appeal, where the judgment is against it (Section 1982).

An examination of prior statutes and the legislative history of the present enactment will be of material aid in arriving at a sound and consistent construction.

In construing a statute, we are entitled to look at the law as it previously stood, the matter to be remedied, and the nature and spirit of the statute. *State v. Claiborne,* 185 Iowa 170; *Elks v. Conn,* 186 Iowa 48; *Sinnott v. District Court,* 201 Iowa 292.

Section 2413 of the Code of 1897 provided for the issuance of a search warrant for intoxicating liquors by a justice of the peace only. But by a subsequent statute, Chapter 128, Acts of the Thirty-sixth General Assembly, the authority was expressly given to the judge of the district court or of the superior court to issue such warrants; and Section 2415, Code of 1897, relating, among other things, to the right of appeal, was amended

by providing for an appeal to the district court in cases arising before a justice of the peace. Sections 2413 and 2415, Supplemental Supplement of 1915. The fortieth general assembly by Chapter 23 repealed Sections 2413 and 2415 of the Supplemental Supplement, and enacted in lieu of the former the present provision for the issuance of such search warrants by a magistrate, and provided generally for an appeal to the district court.

In the present statute there is not only no express authority conferred on a judge of the district court, by that name and title, to issue such warrants, as was found in the former enactment, but an appeal to the district court is provided for in all cases, not merely in those arising before a justice of the peace, as in the former law. This would appear to evince a legislative intent, notwithstanding the use of the term ''a magistrate,'' to take from a judge of the district court the power to issue such search warrants, by eliminating from the then existing statute the express authority therefor, and by providing in all cases for an appeal from the judgment of the magistrate to the district court.

It is to be noted that Sections 1968 and 1970 do not provide that a search warrant for liquors may be issued by *any* magistrate, or that such warrants may be issued by *all* magistrates. The provision is, in substance, that, when a proper information is presented to *a* magistrate, such magistrate, upon a proper finding, shall issue the warrant. It may be conceded that the use of the indefinite article ''a,'' without more, might be inclusive of *all* magistrates, but it is not necessarily so. Because *a* magistrate has a right to issue a liquor search warrant, it does not necessarily follow that *all* magistrates have that right, if there is anything in the statute that clearly indicates to the contrary.

That the present statute does clearly indicate that it was not contemplated that a judge of the district court should issue such a search warrant and the district court should have original jurisdiction to try and determine the issue presented by a claimant for the property seized, appears from the fact that an appeal from the judgment of the magistrate lies, without exception or limitation, to the district court.

The provisions of the Supplemental Supplement were consistent, in that, while a judge of the district court was there

empowered to issue such warrants, the right of appeal to the district court was limited to cases arising before justices of the peace. But in the present statutes, if a judge of the district court is empowered to issue search warrants for intoxicating liquors, as respondent contends, the consistency disappears, and the district court is given both original and appellate jurisdiction in the same case.

But there is a further consideration that shows quite conclusively that it was not the legislative intent to confer upon *all* magistrates, as defined by Section 13403, the power to issue search warrants for intoxicating liquors. If a judge of the district court has authority to issue such warrants and the district court has original jurisdiction in such cases, then, by the same token,—the same statute,—a judge of this court has the same authority; for he, too, is a magistrate, as defined by Section 13403. In such case, what would be the procedure of the hearing? A claimant would be entitled to a jury trial, on demand. Would the judgment rendered be the judgment of this court? There would, under the statute, still be a right of appeal to the district court, and, under general provisions, to this court. The many incongruities and inconsistencies involved in such a situation, as well as in that presented if the statute should be construed to confer authority upon the judge of the district court to issue the warrant and try the cause, are too obvious to require extended comment.

The sections of the statute relating to search warrants for intoxicating liquors are, as has been noted, in a chapter of the Code under the title of intoxicating liquors; and Section 13403, defining magistrates, is found under the title of criminal procedure. While proceedings under such search warrants are criminal in their nature, there is nothing in this fact that requires a holding in accordance with the contention of respondent.

We hold that a district judge is not empowered by Sections 1968 and 1970 to issue search warrants for intoxicating liquors. Such a construction does no violence to the language of the statute; carries out the clear legislative intent, as indicated in the history of the enactments; permits the procedure to conform in orderly fashion to the express provisions of the statute; and preserves to both the state and a claimant all of the rights to which they are entitled thereunder. The contrary view would

operate, where the power was exercised, to reduce many statutory provisions to a nullity, and bring the orderly procedure contemplated by them into a state of confusion, if not chaos, and deprive the parties of substantial rights.

Our holding goes no further than the necessities of the present record require, and relates only to the power and authority of a judge of the district court to issue a search warrant for intoxicating liquors under the provisions of Chapter 96 of the Code of 1924.

The writ is sustained, and the action of respondent is—*Reversed.*

All the justices concur.