Leroy STEFFENS, Appellant,

v.

Richard PROEHL and George K. Young, Appellees.

No. 53366.

Supreme Court of Iowa.

Oct. 14, 1969.

Janss, Dreher, Wilson & Adams, Des Moines, for appellant.

Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellees.

BECKER, Justice.

Plaintiff brought his action for damages for personal injuries growing out of an automobile accident against Richard Proehl, the co-employee-driver, and George K. Young the employer-car-owner. The case was tried to the court which found driver Proehl negligent and entered judgment against him for $35,000. The court found the liability of George K. Young was governed by the Workmen's Compensation Act, and it lacked jurisdiction of the subject matter as to such defendant. Plaintiff appeals the latter portion of the ruling. We affirm.

I. Some procedural and trial matters are assigned as error and will be treated later in the opinion. The real bone of contention is over the apparent conflict of a literal interpretation of the Workmen's Compensation Act, chapter 85, Iowa Code, 1966 and the Automobile Owner's Liability Statute, section 321.493, Code, 1966. Questions of negligence and damages are not in dispute so the main issue may be stated without recitation of facts. Where co-employees are acting within the scope of their employment, where one employee is injured due to the negligent operation of a motor vehicle by another employee and where the motor vehicle is owned by the parties' common employer, may the innocent injured employee bring suit for common-law liability against his employer?

Plaintiff answers in the affirmative. He relies on section 321.493 which reads: "In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage."

Defendant employer answers in the negative. He relies on section 85.3(1): "Except as provided by this chapter, it shall be conclusively presumed that every employer has elected to provide, secure, and pay com-

pensation according to the provisions of this chapter for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such cases, the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury."; and on section 85.20:

"The rights and remedies provided in this chapter for an employee on account of injury shall be exclusive of all other rights and remedies of such employee, his personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury; and all employees affected by this chapter shall be conclusively presumed to have elected to take compensation in accordance with the terms, conditions, and provisions hereof until notice in writing shall have been served upon his employer. * * *."

Plaintiff persuasively argues for the pre-eminence of the Owner's Liability Statute, section 321.493 on several grounds. First he says the history of the two legislative acts shows a legislative intent to impose liability on the car owner for the negligent acts of the consent driver and the only exception is contained in the guest statute which is a specific statutory exception. Since the pertinent Workmen's Compensation sections were passed in 1913 and stand without substantial amendment, and since the Owner's Liability Statute was passed in 1916 and substantially amended in 1937 and 1955, the legislature must be presumed to have known of the Workmen's Compensation provisions when it passed the Owner's Liability Statute. It did not provide an exception for the employer-employee relationship. Thus plaintiff asserts the later statute should prevail.

Tied in with this argument is the literal interpretation argument. Plaintiff claims the statute should mean what it plainly says and the special statutory defense, not being mentioned, is excluded.

Plaintiff also points to the social need to impose liability for negligent use of such a destructive instrument as a motor vehicle; the relatively recent proliferation of automobiles and the arguable need for special protection and legislation in the field. Of course, as plaintiff sees it, the legislation has already been supplied and it remains only for proper interpretation by this court to make the principle effective.

Despite the skill of counsel in advancing these arguments and their persuasive impact, we cannot agree. In essence, plaintiff argues that once negligence of the consent driver is shown, section 321.493 deprives the consenting owner of all defenses except the guest statute. Under this interpretation in proper cases such defenses as interspousal immunity, parental immunity, governmental immunity and workmen's compensation exclusivity would all be impliedly denied defendants on grounds they were not made express exceptions to the statute. We do not think such a result was intended by the legislature.

As we stated in McGraw v. Seigel, 221 Iowa 127, 133, 263 N.W. 553, 106 A.L.R. 1035: "All the foregoing matters considered, we are content to say that the true legislative intent was that section 5026 should have general application in the field the Legislature was then considering; that is, the licensing and regulating of automobiles and safeguarding the public in their operation. Thus giving this section an interpretation which is full in its content and sufficient for the apparent purpose of the legislation, there appears to us that in the recognized rules of interpretation and in the environment and association and character of these statutes as pointed out there is necessity for saying that the Legislature intended no excursion by implication into the field of legislation with respect to the rights and liabilities of employee and employer. We hold that there was no legislative intent in enacting what is now section 5026 to repeal or modify

by implication or otherwise the provisions of the Workmen's Compensation Act we are considering. * * *."

Plaintiff notes the foregoing holding was conceded by both sides. He says it did not therefore receive meaningful consideration or full analysis. This does not mean the conceded point was incorrectly decided. 2 Larson's Workmen's Compensation Law, section 65.10, page 135 states: "Once a workmen's compensation act has become applicable either through compulsion or election, it affords the exclusive remedy for the injury. This is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts." McGraw v. Seigel, supra, acknowledges this workmen's compensation principle as between employer and employee and holds the claimed exception to the principle is not clearly enough stated to show a legislative intent to make an exception to chapter 85. We adhered to the holding.

We note two California cases, Baugh v. Rogers, 24 Cal.2d 200, 148 P.2d 633, 152 A.L.R. 1043, and Van Meter Reed, 207 Cal. App.2d 866, 24 Cal.Rptr. 688, which seem to support plaintiff's position. In New York, Naso v. Lafata, 4 N.Y.2d 585, 176 N.Y.S.2d 622, 152 N.E.2d 59, the court has held in favor of defendant's position. Neither the California cases nor the New York case are of much help because the statutes differ markedly from the Iowa Code section. See 2 Larson's Workmen's Compensation Law, section 66.10 for a discussion of the three types of "exclusive liability" clauses.

We have examined the cases cited by plaintiff with care. We find them factually different from the case at bar. Most important, except for McGraw v. Seigal, supra, they usually do not deal with the straight employer-employee relationship. Plaintiff is therefore forced to reason by analogy. The analogy is not close enough to carry the day.

■ II. We are aware of the principle in Durst v. Board, 228 Iowa 463, 292 N.W. 73, cited by plaintiff, that where two or more statutes are in apparent conflict in relation to a given set of facts it is the duty of the court to harmonize them if possible, and to give each so far as possible the effect which the legislature intended. This we have tried to do. We hold the legislature in adopting what is now section 321.-493 of the Code did not intend to diminish or abrogate the exclusive nature of the remedy as between employer and employee, provided in workmen's compensation law.

■ III. Plaintiff's other assignments are subsidiary to the main point. He contends failure to plead the exclusive remedy of the Workmen's Compensation Act as a defense prevents defendant from asserting the defense at trial and here. We have held jurisdiction of the subject matter of cases between employer and employee for injuries arising out of and in the course of employment is exclusively in the industrial commission and the district court has no jurisdiction of the subject matter of such cases. Groves v. Donohue, 254 Iowa 412, 118 N.W.2d 65; Nelson v. Iowa-Illinois Gas & Elec. Co., 259 Iowa 101, 143 N.W.2d 289. Jurisdiction of the subject matter cannot be conferred by waiver, estoppel or consent. It can therefore be raised at any time and need not be pled. Latta v. Utterbach, 202 Iowa 1116, 211 N.W. 503.

■ IV. Since jurisdiction of this subject matter may be raised at any time, the evidence tending to show lack of such jurisdiction was not inadmissible because of failure to plead the issue as an affirmative defense. The record shows plaintiff had been on a fishing trip with fellow employee Proehl. On Saturday, fishing being poor, Proehl asked plaintiff to go with him to Auburn to check on a basement to see if the owner had it ready for concrete to

be poured. They planned to check the basement the next day to see if it was ready for the necessary forms. To accomplish the measurement, daylight and two men were needed. Proehl, as foreman, was to determine where the parties were to spend the night. Neither would receive compensation for work done until they began work the following day. The truck they were using belonged to George K. Young, their common employer. Proehl drove the truck and had an accident which the court found to be due to his negligence. Plaintiff sought workmen's compensation payments for the injuries received; a contested hearing was held before the deputy industrial commissioner. He found plaintiff's injuries arose out of and in the course of his employment by George K. Young. Appeal was filed by the employee but abandoned. Plaintiff employee was thereafter paid and accepted workmen's compensation benefits.

We conclude the record is conclusive that this claim, as against George K. Young, was and is covered by workmen's compensation. The trial court was right in holding it had no jurisdiction of the subject matter of that part of the case. Affirmed.

All Justices concur.