Maynard Keith HEISHMAN,
Plaintiff-Appellee,

v.

Mavis June HEISHMAN,
Defendant-Appellant.

No. 84–815.

Court of Appeals of Iowa.

Feb. 26, 1985.

Keith D. Collins of Norgaard & Collins, P.C., Belle Plaine, for defendant-appellant.

Michael R. Stewart of Bierman, Bierman & Stewart, P.C., Grinnell, for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SNELL, JJ.

DONIELSON, Judge.

Defendant appeals from a summary judgment for the plaintiff in an action for recovery of real estate pursuant to Iowa Code chapter 646. She asserts that genuine issues of material fact were raised through her affirmative defenses and a jury trial on those issues should be held. We affirm.

Maynard and Mavis Heishman were divorced in July 1982. The dissolution decree was entered by default and Maynard was awarded the parties' 80-acre farm, including the homestead. Despite the provisions in the decree, Mavis continued to reside on the property. Maynard farmed the land and for approximately a year and a half he made no demand that his former wife move from the homestead. In November 1983, he commenced an unsuccessful forcible entry and detainer action. The following month, Maynard filed action pursuant to Iowa Code chapter 646 to recover possession of the property.

Mavis' answer raised as affirmative defenses estoppel by acquiescence, waiver, and invalidity of the dissolution decree for purposes of conveying title. By affidavit, she asserted that when the decree was entered she was unrepresented by counsel and that she had not received notice of the trial. The trial court sustained Maynard's motion for summary judgment and Mavis has appealed.

Pursuant to Iowa Rule of Civil Procedure 237(c), summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. A fact question is generated if reasonable minds could draw different conclusions and inferences from the evidence. *Knapp v. Simmons*, 345 N.W.2d 118, 121 (Iowa 1984). The burden of showing that there is no issue of material fact is on the moving party. *Id.* In considering this appeal, we view the evidence in the record in a light most favorable to the non-moving party. *Id.*

Based on these principles, we conclude that summary judgment is appropriate and the plaintiff is entitled to judgment as a matter of law.

Maynard brought the present action pursuant to Chapter 646 of the Iowa Code. Section 646 provides: "The plaintiff must recover on the strength of his own title." It is evident from the record that Maynard was given title to the farm and homestead under the provisions of the parties' 1982 divorce decree. however, defendant has attacked Maynard's claim to title on three grounds.

First, Mavis claims that a genuine issue exists as to whether the divorce decree should operate to divest her of rights in the land. Specifically, she argues that the provisions of the decree should not be enforced since she was not represented by an attorney and a default judgment was entered against her without notice.

We agree with the trial court's determination that Mavis' collateral attack with respect to the divorce decree is improper. It is well-established that a decree or judgment generally cannot be attacked collaterally. *Callenius v. Blair*, 309 N.W.2d 415, 418 (Iowa 1981). The only exception to this principle is when a judgment is void for lack of jurisdiction.

*Marshfield Homes, Inc. v. Eichmeier,* 176 N.W.2d 850 (Iowa 1970).

The dissolution decree in this particular action is not void for lack of jurisdiction over the subject matter or the parties and therefore cannot be challenged in this action. The claimed irregularities should properly have been asserted in a motion to set aside the judgment pursuant to Iowa R.Civ.P. 236 or a motion to vacate the judgment pursuant to Iowa R.Civ.P. 252.

 Defendant claims that her failure to make a motion to vacate or set aside the judgment is not fatal to her present challenge. She argues that she could have petitioned for a modification on the ground that she did not receive notice of the default judgment. Apparently, her position is that since a modification was available as a separate action, she should be able to assert a similar claim in this action. We are unpersuaded by this argument. Initially, property divisions in dissolution decrees are generally not subject to modification. *In re Marriage of Knott,* 331 N.W.2d 135, 137 (Iowa 1983). Even assuming modification was appropriate in this case, it would be necessary for Mavis to bring a separate action pursuant to section 598.21(8) of the Iowa Code. Mavis' attempt to characterize her defense as acceptable grounds for modification does not change the fact that she is using the present action as a forum to collaterally attack the decree. This is inappropriate.

Mavis' remaining defenses are equitable estoppel and waiver. Contrary to plaintiff's contention, we do not believe these defenses should be considered a collateral attack of the decree. Both defenses are premised on events that have occurred since the entry of the original decree—specifically, the plaintiff's failure to take action to enforce his right to the homestead for over a year. However, upon consideration of the record, we conclude that as a matter of law plaintiff's claim to title would not be defeated by equitable estoppel or waiver.

The doctrine of equitable estoppel is applicable

when a party has through his acts, words, or silence let another to take a position such that the subsequent assertion of the first party's interest would be contrary to equitable principles.

*Johnson v. Johnson,* 301 N.W.2d 750, 754 (Iowa 1981). Even viewing the facts in a light most favorable to Mavis, reasonable minds would not conclude that equitable principles would operate to divest Maynard of title to the land. The mere fact that he allowed his former wife to remain on his land for a short period of time is simply not a sufficient basis to invoke the doctrine of equitable estoppel.

We also believe the defense of waiver is inapplicable in the present action.

The essential elements of a waiver are the existence of a right, knowledge, actual or constructive, and an intention to relinquish such right.

*Scheetz v. IMT Ins. Co. (Mut.),* 324 N.W.2d 302, 304 (Iowa 1982). The record is void of any indication that Maynard intended through his actions to relinquish title to the land.

For these reasons, we conclude that summary judgment was appropriate.

AFFIRMED.