**MORRIS PLAN COMPANY OF IOWA, Debtor–In–Possession, Appellee,**

v.

**Robert L. BRUNER, Janet L. Davidson, and Gregory J. Davidson, Appellants.**

No. 89–107.

Court of Appeals of Iowa.

May 24, 1990.

Gerald J. Kucera of Tom Riley Law Firm, P.C., Cedar Rapids, for appellants.

Phillip D. Klinger of Klinger, Robinson, McCuskey & Ford, Cedar Rapids, for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ., but considered en banc.

SCHLEGEL, Judge.

The defendants in this foreclosure action appeal the judgment of the district court denying their petition to vacate or modify the foreclosure.

The plaintiff, Morris Plan Company of Iowa (hereinafter referred to as Morris Plan), held a mortgage on land owned by Robert L. Bruner, Janet L. Davidson, and Gregory J. Davidson. Morris Plan ultimately chose to foreclose on said property, and filed a petition against Bruner and the Davidsons. The petition sought judgment in rem and did not seek personal judgments against Bruner or the Davidsons. Bruner and the Davidsons contacted Lowell Forte to act as their attorney. Forte, however, made an appearance only on behalf of the Davidsons, and filed no motions or responsive pleadings.

Morris Plan subsequently filed a motion for summary judgment. A copy of the

motion was served on Forte, along with the motion setting a hearing. All three defendants appeared at the hearing, represented by Jerry Zimmerman, an associate of Forte. Zimmerman advised them that their property had been foreclosed upon with redemption. Neither Forte nor Zimmerman, however, filed any resistance to the summary judgment motion or entered an appearance on behalf of Bruner. The district court subsequently sustained the plaintiff's motion for summary judgment and entered a judgment in rem against the mortgaged property in favor of Morris Plan. Following the entry of judgment, Bruner and the Davidsons filed a pro se demand to delay sale of the real estate covered by the judgment.

Thereafter, the attorney representing the Davidsons filed a motion to set aside the judgment solely as to Bruner, on the grounds that Bruner had believed the mortgage was not on his property, but only on the Davidsons'. Forte, however, did not obtain an order setting the motion for a hearing. The property was ultimately sold at a sheriff's sale for $60,476.40. (No delay in the sale occurred.) Three months after the sale, Morris Plan became aware of the motion to set aside judgment. They filed a resistance and requested a hearing. Hearing was scheduled for July 1, 1988, but the day before, Forte filed a motion to withdraw as counsel. No one appeared on behalf of Bruner at the hearing on the motion to set aside. The district court denied the motion.

Bruner and the Davidsons subsequently filed a petition to vacate or modify the foreclosure. Morris Plan resisted the motion on the ground that the criteria for a vacation or modification set forth in Iowa Rule of Civil Procedure 252 had not been met. Hearing was held, and the district court denied the petition to vacate in its entirety. Bruner and the Davidsons have appealed.

■ *Bruner Claim.* After entry of the summary judgment against all the defendants, Bruner filed a motion to set aside the judgment. Bruner, however, did not appeal from the denial of his motion to set aside. He did later join with the other defendants in their petition to vacate the foreclosure. He now appeals the ruling upon that petition to vacate. His failure to appeal the ruling upon his motion to set aside the summary judgment, however, bars his appeal at this time.

Bruner had had thirty days to file his appeal under Iowa Rule of Appellate Procedure 5. The second attempt at attacking the summary judgment was made under Iowa Rule of Civil Procedure 252 and is barred by res judicata, at least as to Bruner. Therefore we are prevented from hearing his appeal.

■ Claim preclusion prevents the relitigation of all issues, whether raised or not, following judgment on the same cause of action. *Iowa Electric Light and Power Co. v. Lagle,* 430 N.W.2d 393, 397 (Iowa 1988). The claim is obviously identical and any further litigation is barred. Because of his failure to appeal the ruling upon his former motion, that ruling is final as to Bruner.

*Davidsons' Claim.* As to Davidsons, there is a different problem. Whereas Bruner sought to have the judgment set aside, and received an adverse ruling, Davidsons did not pursue that route. The Davidsons make a collateral attack upon the judgment by means of a petition to vacate the judgment under rule 252, Iowa Rules of Civil Procedure. This is the first attack they have made on the judgment. No former unappealed adjudication bars them from this pursuit. They claim that the original notice in the foreclosure action was defective, giving the court no jurisdiction. They claim the judgment is void.

■ It is well established that a decree or judgment generally cannot be attacked collaterally. *Heishman v. Heishman,* 367 N.W.2d 308, 309 (Iowa 1985). The only exception to this principle is when a judgment is void for lack of jurisdiction. *Id.* It has been repeatedly held that it will be presumed that the finding of a court that has jurisdiction over the parties is based upon sufficient proof of service of notice and that such finding cannot be held void in

a collateral proceeding. *Whiteley v. Mills,* 239 Iowa 80, 90, 29 N.W.2d 541, 547 (1947). If the court has jurisdiction both over the person and the subject matter, the judgment is conclusive on collateral attack, though the judgment be erroneous. *Allen v. First National Bank,* 191 Iowa 492, 495, 180 N.W. 675, 676 (1920). The judgment cannot be avoided collaterally, even if it was rendered on defective notice, and will stand unless there was what in law amounts to no notice. *Id.*

■ A substantial defect renders an original notice fatally defective; any judgment based thereon is void. A mere irregularity, on the other hand, has no such effect on the original notice; a judgment based thereon is not void (but may be voidable). *City of Olwein v. Dvorsky,* 380 N.W.2d 739, 741 (Iowa App.1985); *Holmes v. Polk City Savings Bank,* 278 N.W.2d 32 (Iowa 1979). The distinction between mere irregularities and substantial defects is stated by the Iowa Supreme Court as follows:

> [M]ere irregularities which relate principally to the form of the notice or to technical or clerical errors, and which do not deceive or mislead the defendant, will not be found fatal to the jurisdiction of the court, but those amounting to a substantial departure from the substance requirements of the rule would affect the validity of the notice.

*Parkhurst v. White,* 254 Iowa 477, 481–82, 118 N.W.2d 47, 49–50 (1962).

A further query as to the validity of a judgment concerns whether the court entering the judgment had personal and subject matter jurisdiction. In this case, the court had personal jurisdiction by reason of the appearances of the Davidsons, who made no attack upon the jurisdiction of the court prior to the entry of judgment. If there is no fatal defect in the original notice, the judgment may still have been rendered without jurisdiction if the court lacked subject matter jurisdiction. What constitutes "subject matter jurisdiction" is discussed in a number of Iowa Supreme Court cases reaching back to *Smiths v. Dubuque County,* 1 Iowa (Clarke) 492, 495 (1855), where it was held that the county court had no authority to consider damages for the establishment of a road after thirty days from the order establishing it. The county court had no subject matter jurisdiction. That case likewise established the rule that subject matter jurisdiction need not be objected to for its preservation and that such jurisdiction cannot be granted by consent.

The inability to waive want of subject matter jurisdiction was reiterated in *Latta v. Utterback,* 202 Iowa 1116, 211 N.W. 503 (1926). In that case, the district court had no jurisdiction to issue a search warrant, it having only appellate jurisdiction on such matters.

The power to modify divorce decrees granted by statute gave the court subject matter jurisdiction over such matters. *Franklin v. Bonner,* 201 Iowa 516, 207 N.W. 778 (1926).

A stipulation of settlement of a case provided for no judgment to be entered on the amount resulting from the procedure in the stipulation. The court lacked subject matter jurisdiction to enter a judgment on that result. *Fort Dodge Lumber Co. v. Rogosch,* 175 Iowa 475, 157 N.W. 189 (1916).

A justice of the peace was without subject matter jurisdiction to render a judgment against an actual resident of any other county than the one in which the justice served. *Porter v. Welsh,* 117 Iowa 144, 90 N.W. 582 (1902). In that case, the court stated:

> So far as jurisdiction of the person is concerned, objection thereto can always be waived, and a party going to trial without such objection cannot raise it thereafter. But where the court has no jurisdiction of the subject matter of the controversy, consent will not confer it, and the right to raise the objection continues through every stage of the proceedings. (Citations omitted). . . . [T]he jurisdiction of a court over the subject matter of litigation may be questioned at any time, and . . . all judgments rendered without such jurisdiction are void.

*Porter,* 117 Iowa at 146, 90 N.W. at 582.

In the more recent cases, the principles enunciated in the above cases are followed.

For example, *Steffens v. Proehl,* 171 N.W.2d 297 (Iowa 1969), reminds us that jurisdiction of the subject matter of cases between employer and employee for injuries arising out of and in the course of employment is exclusively in the industrial commission and the district court has no jurisdiction of the subject matter of such cases. *Id.* at 300.

The Iowa Supreme Court held that the district court was without subject matter jurisdiction to decide a case involving an exercise, by State employees, of a discretionary function, said exemption being a part of Iowa Code Chapter 25A, dealing with State Tort Claims. *Lloyd v. State,* 251 N.W.2d 551 (Iowa 1977). In that case, the court quoted language of *State ex rel. Iowa State Highway Commission v. Read,* 228 N.W.2d 199, 202 (Iowa 1975), as follows:

> Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceeding belongs.

The district court is the forum clothed with the jurisdiction to determine cases of foreclosure of mortgages. Its role in those determinations is set forth in the statutes. There is no doubt that the court in this case had subject matter jurisdiction. It is the only forum designated by statute to hear and decide such cases. The court had personal jurisdiction of all the parties and also had jurisdiction of the subject matter. If the notice was sufficient, the judgment is valid.

*The Sufficiency of the Notice.* The defendants claim that the notice was insufficient under the statutes to grant jurisdiction to the court. It is their position that the omission of part of the notice provided by section 654.21 caused the notice to be fatally defective, and that the court didn't acquire jurisdiction because of the insufficiency of the notice.

■ Specifically, the defendants complain that the plaintiff elected to foreclose without redemption, under Iowa Code Section 654.20, and failed to give all of the notice required by that statute. The plaintiff did not specifically waive a deficiency judgment. Under the provisions of the statute, if the plaintiff has not included in the petition a waiver of deficiency judgment, then the notice was to include the following:

> IF YOU DO NOT FILE A WRITTEN DEMAND TO DELAY THE SALE AND IF THE MORTGAGED PROPERTY IS YOUR RESIDENCE AND IS A ONE-FAMILY OR TWO-FAMILY DWELLING, THEN A DEFICIENCY JUDGMENT WILL NOT BE ENTERED AGAINST YOU. IF YOU DO FILE A WRITTEN DEMAND TO DELAY THE SALE, THEN A DEFICIENCY JUDGMENT MAY BE ENTERED AGAINST YOU IF THE PROCEEDS FROM THE SALE OF THE MORTGAGED PROPERTY ARE INSUFFICIENT TO SATISFY THE AMOUNT OF THE MORTGAGE DEBT AND COSTS.
> IF THE MORTGAGED PROPERTY IS NOT YOUR RESIDENCE OR IS NOT A ONE-FAMILY OR A TWO-FAMILY DWELLING, THEN A DEFICIENCY JUDGMENT MAY BE ENTERED AGAINST YOU WHETHER OR NOT YOU FILE A WRITTEN DEMAND TO DELAY THE SALE.

The plaintiff counters this argument by pointing out that it asked, in its petition, for a judgment in rem only, and that it is obvious it was not asking for a deficiency judgment against the defendants, since a judgment in rem is against the property only. We do not agree. Merely seeking judgment in rem does not meet the intent of the statute. Such a failure to waive a deficiency judgment is not fatal in this case. (In fact, the judgment entered herein was in rem and no deficiency judgment has been entered.)

■ Where jurisdiction was sought by a challenged original notice, the question becomes whether any flaw in the notice amounts to a "substantial defect" or to a "mere irregularity." *Holmes v. Polk City Savings Bank,* 278 N.W.2d 32, 34 (Iowa 1979). A substantial defect renders an original notice fatally defective; any judgment based thereon is void. *Id.* In this state a foreclosure proceeding is an exclu-

sively statutory remedy, and the statute authorizing the same must be strictly followed. *Beach v. Youngblood,* 215 Iowa 979, 989, 247 N.W. 545, 550 (1933). The required notice and the circumstances requiring its use were specifically set out in the Code in capital letters. Iowa Code section 654.20 seems to make it clear that the notice was defective, and the judgment based upon it was entered without jurisdiction. However, Iowa Code section 654.26 makes the omission of the indicated notice merely an irregularity. That section provides:

> If the plaintiff has elected foreclosure without redemption, the plaintiff *may* include in the petition a waiver of deficiency judgment. If the plaintiff has elected foreclosure without redemption and does not include in the petition a waiver of deficiency judgment, if the mortgaged property is the residence of the mortgagor and is a one-family or two-family dwelling, and if the mortgagor does not file a demand for delay of sale under section 654.21, then the plaintiff shall not be entitled to the entry of a deficiency judgment under section 654.6. (Emphasis added.)

Here, plaintiff did not include a waiver of deficiency judgment. It did, however, elect foreclosure without redemption. Under those facts, the plaintiff was not entitled to a deficiency judgment on this property (unless Davidsons and Bruner filed a demand for delay of sale) under the provisions of Iowa Code section 654.21.

The demand for delay of sale referred to in these sections is prescribed by Iowa Code section 654.21, which provides, in part:

> At any time *prior* to entry of judgment, the mortgagor may file a demand for delay of sale.

The record shows that no such demand was filed prior to entry of judgment. The attempted demand for delay of sale was filed after the judgment. Therefore, it was not effective to delay the sale. In any event, the statute makes it clear that the plaintiff may include in the petition a waiver of deficiency judgment. The defendants may then regulate whether a deficiency judgment is entered against them. If they file a demand for delay of sale, the plaintiff would be entitled to a deficiency judgment. If no demand is filed, as in this case, plaintiff is not entitled to a deficiency judgment in any event.

Due to the statutory scheme, the omission of the notice, of which defendants complain, was at most a mere irregularity, and did not deprive the court of jurisdiction to enter judgment of foreclosure without redemption.

The decision of the trial court is affirmed.

AFFIRMED.

All Judges concur except HABHAB, J., who specially concurs.

HABHAB, Judge (specially concurring).

The notice provided by appellee complied fully with the first notice requirement of section 654.20. This notice fully apprised appellants of the nature of the foreclosure proceeding with the possible exception of appellee's obtaining a deficiency judgment. The second notice requirement of section 654.20, which was not provided to appellants, only pertains to the plaintiff's ability to obtain a deficiency judgment. The mere absence of this notice should only affect a plaintiff's ability to obtain a deficiency judgment, not the validity of the underlying judgment.

I would hold that appellee's omission of the second notice requirement contained within section 654.20 deprives appellee of the opportunity to secure a deficiency judgment, but leaves intact the foreclosure judgment.