H. E. Long, Appellant, v. George W. Schee *et al.*, Appellees.

Conveyances of Real Estate: ACKNOWLEDGMENT BY COUNTY AUDITOR. The acknowledgment of deeds conveying real estate might be taken by a county auditor, under the authority of section 277 of the Code, prior to the amendment of section 1955 of the Code by chapter 99, of Acts of the Twenty-second General Assembly, which formerly provided that conveyances of real estate should be acknowledged "before some court, or some judge or clerk thereof, or some justice of the peace or notary public."

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, OCTOBER 25, 1892.

THIS is an action by which it is sought to set aside and cancel certain tax deeds to certain real estate. The plaintiff claims to hold the patent title to the lands, and the defendants claim under the tax deeds. The

plaintiff demurred to the answer of the defendants, and also filed a motion to strike from the files a part of the answer. The motion and demurrer were overruled, and the plaintiff stood upon his demurrer and motion, and a decree was entered dismissing the petition. The plaintiff appeals.—*Affirmed.*

*F. F. Ward,* for appellant.

*E. C. Herrick,* for appellees.

Rothrock, J.—It is not necessary to determine the correctness of the ruling of the court in overruling the motion to strike part of the answer from the files. The ruling upon the demurrer raises the material questions in the case. The answer is very voluminous, and need not be set out at length in this opinion. That part of it which contains what we consider the vital question in the case is as follows:

"That said land was subject to taxation for the year 1871; that the same was duly listed and assessed for taxation, and the taxes duly levied thereon, for the year 1871; that said taxes were not paid, and, remaining unpaid, the treasurer of O'Brien county, Iowa, duly sold said land for the taxes of 1871 at the regular tax sale for the year 1872, and on the seventh day of October, 1872, to Fulton & Scribner, and issued to said purchasers tax sale certificates in due form.

"Paragraph 2. That afterwards said Fulton & Scribner duly sold and assigned tax sale certificates to Scribner, Burroughs & Co., a copartnership, composed of R. H. Scribner and N. T. Burroughs.

"Paragraph 3. That said land remaining unredeemed from the said tax sale at the expiration of three years from the date thereof, and the same being wild and unoccupied prairie land during all said time, and not taxed in the name of any person, the treasurer of said county did, on the sixth day of April, 1876;

execute and deliver to said Scribner, Burroughs & Co. tax deeds for said land, and which said deeds were duly acknowledged before the county auditor of said county of O'Brien, and were afterwards, to-wit, on the seventh day of April, 1876, duly filed for record and recorded in the office and records of the recorder of said county of O'Brien.

"Paragraph 4. That prior to the execution of said tax deeds, the said Scribner, Burroughs & Co., not knowing who the real owners of said land were, served a notice of the expiration of the period of redemption from said sale by publishing due notices, addressed to 'unknown owners' thereof, in the O'Brien *Pioneer*, a newspaper printed and published in O'Brien county, Iowa, for four consecutive weeks, and by filing said notices, with an affidavit of service thereof, in the office of said treasurer of said county more than three months prior to the issuance of said deeds.

"Paragraph 5. That afterwards, on or about the tenth day of May, 1887, said Scribner, Burroughs & Co. duly sold said land to the defendant Schee, and executed and delivered to him a special warranty deed thereof, which was duly recorded in the office of the recorder of said county of O'Brien on the twelfth day of May, 1887.

"Paragraph 6. That whatever defects, if any, there are in the said tax deeds, or in the said sale of said land, or in the service of said notices of expiration of the period of redemption, or the proofs of service thereof, and all defects in all of said proceedings, are now cured by the lapse of time, for that more than five years have elapsed since the execution and recording of said tax deeds; and the defendants aver that the plaintiff is now barred and estopped by the statute of limitations from in any manner questioning said tax deeds on any of the grounds mentioned in the peti-

tion, or any other grounds."

The demurrer to this part of the answer is general, and upon the ground that the facts stated are not sufficient to entitle the defendants to the relief demanded. It is averred in the petition that the said tax deeds were acknowledged before the auditor of the county, and that he had no authority to take acknowledgments of deeds. The answer alleges that the deeds were "duly acknowledged before the county auditor of said county of O'Brien."

The important question to be determined is, whether the auditor was authorized by law to take the acknowledgment of deeds conveying real estate. Counsel have discussed this question upon the theory that if the auditor had the power to take the acknowledgments, the deeds are valid, and conveyed a good title. It is necessary, in order to properly consider this question, to set out certain sections of the statute bearing upon this question. It was provided by section 1955 of the Code as follows: "Any deed, conveyance, or other instrument in writing by which real estate in this state shall be conveyed or incumbered, if acknowledged within this state, must be so before some court having a seal, or some judge or clerk thereof, or some justice of the peace or notary public." If there were no other statute bearing upon the subject there would be no room for a discussion of the question as to the authority of a county auditor. But section 277 of the Code is as follows: "The following officers are authorized to administer oaths, and take and certify the acknowledgment of instruments in writing: Each judge of the supreme court; each judge of the district court; each judge of the circuit court; the clerk of the supreme court; each clerk of the district court, as such, or as clerk of the circuit court; each deputy clerk of the district and circuit courts; each county auditor; each deputy county auditor; each sheriff, and his deputies,

in cases where they are authorized by law to select commissioners or appraisers, or to impanel jurors for the view or appraisement of property, or are directed as an official duty to have property appraised, or take the answers of garnishees; each justice of the peace within his county; each notary public within his county." The acknowledgments in question were taken while these two sections of the statute were in force and before they were amended. Counsel for the plaintiff claims that section 1955 absolutely requires that acknowledgments of deeds of real estate shall be made before some court having a seal, or before one of the officers therein named. It appears to us that this construction ignores the provision of section 277. They are both sections of the law upon the same subject; that is, they relate to what persons are authorized to take "acknowledgments of instruments in writing," and it is a fundamental rule of construction that both must be construed together in order to arrive at the correct construction of each. Although section 277 is more explicit in naming the persons authorized to take acknowledgments than section 1955, yet it embraces the same officials, with the exception that it empowers the deputy clerk of the district and circuit courts, the county auditor and his deputy, to do the act. The power conferred upon the auditor and his deputy is in the same general terms as that given to a justice of the peace or notary public or judge of a court, and the authority is not limited in any manner.

A conveyance of real estate is an instrument in writing, and the authority is to take acknowledgments, not of any particular kind of a written instrument, but of all instruments in writing. This view is strongly supported by the consideration that authority is given to a sheriff and his deputies to act in special cases only. If it had been intended to limit the authority of any of the other officers named, why was the limitation

expressed as to the sheriff, and not as to the others?
In our opinion the question demands no further consideration. Section 1955 should be construed just as if,
after naming all the officers therein enumerated, it had
contained the words, "or each county auditor, or each
deputy county auditor."

It is true that by chapter 164 of the Acts of 1878
the general assembly legalized all acknowledgments of
deeds before that taken by any deputy clerk of court,
county auditor, or deputy county auditor. This was
not necessarily a legislative declaration that the officers
named were not authorized to take acknowledgments.
We do not think that a legalizing or curative act has
any such force. It is part of the legislative history of
the state that these curative or legalizing acts are
passed at every session of the general assembly for the
purpose of legalizing acts which are of doubtful
validity. Many of these acts are prefaced by a preamble reciting that doubts exist of the legality of the
act, and to protect parties and preserve rights acquired
under a doubtful statute these acts are passed. Ordinarily this curative act would be sufficient to validate
these deeds. But under the rule of the case of *Goodykoontz v. Olsen*, 54 Iowa, 174, it is doubtful if the curative act can be held to apply to a tax deed. By chapter
99 of the Acts of the Twenty-second General Assembly,
section 1955 of the Code has been amended by adding
thereto the words, "or before the county auditor or
his deputy." We do not regard this last act of the
legislature as having any significance. It merely
operated as a partial codification of the laws for the
acknowledgment of deeds, by transferring the auditor
and deputy auditor from section 277 to section 1955,
so that there need be no confusion and doubt as to
who are authorized to take acknowledgments.

Whatever of doubt there may be in holding as we
do, we think should be resolved in favor of the validity

of these acknowledgments.    It appears from the plead-ings in the case at bar that those under whom the plaintiff claims have paid no taxes upon this land since the year 1870, a period of more than twenty years, and this action was not brought for more than thirteen years after the tax deeds were executed and recorded. It may be true that the delay and neglect to assert title to the land for this long period does not, under the facts of the case, rise to the dignity of an equitable estoppel.    To say the least of it, the assertion of title in the plaintiff is a stale claim, and presents a case which has sometimes been denominated as speculative litigation.    In construing a doubtful statute it is always proper to consider the effect of the construction adopted by the court.    If we were to hold that these tax deeds are void, it would no doubt lead to a multitude of suits based upon stale claims.    The auditor's office and the office of the treasurer are usually in adjoining rooms, and the official business of the two offices is so con-nected that there can be no doubt that many tax deeds have been acknowledged before county auditors.    It is our duty to resolve the doubt in the case so that stale claims may be discouraged, and to prevent the disturb-ance of rights which in equity and good conscience should be allowed to be enjoyed in peace.    This dis-position of the question we have considered is decisive of the case, and leads to an affirmance of the decree of the district court.    AFFIRMED.