R. E. McGRAW, Appellee, v. JENNIE SEIGEL, Appellant.

No. 42969.

NOVEMBER 19, 1935.

REHEARING DENIED APRIL 8, 1936.

Miller, Miller & Miller, and Edw. J. Wenner, for appellant.

Pike, Sias, Zimmerman & Butler, for appellee.

RICHARDS, J.—In this law action plaintiff sought to recover damages from defendant for injuries sustained by him in an automobile collision while riding in the one of the colliding automobiles that was being driven by defendant; alleged negligence of defendant being the basis of plaintiff's cause of action.

As a defense defendant alleged in Division One of her answer substantially the following: that at the time of the accident plaintiff was an employee of one Dave Seigel, and received his injuries in the course of such employment; that such proceedings were had under the Workmen's Compensation Act (chapter 70, 1931 Code) ; that a settlement of plaintiff's workmen's compensation for said injuries was made by the payment of a lump sum to plaintiff by New York Casualty Company, the said employer's compensation insurance carrier, with approval of the Industrial Commissioner; that Exhibits A and B of answer are copies of memoranda of agreements executed by said employer

and plaintiff for the payment of a weekly compensation; that Exhibit D is a copy of plaintiff's application for a lump sum payment of plaintiff's workmen's compensation, duly approved by the commissioner; that Exhibit C is a copy of a final receipt and release signed by plaintiff in consideration of a lump sum payment of such compensation; that Exhibit D contains the following recital, signed by plaintiff, namely:

''This application is signed with the distinct understanding that commuted settlement by lump sum payment in full of all installments to become due erects a legal bar against any further recovery whatever on account of the injury or death recited herein.''

Plaintiff by reply admitted the execution of the instruments, copies of which are above Exhibits A to D of defendant's answer, and in the pleadings plaintiff and defendant both alleged or admitted the following facts: (1) that when injured plaintiff was riding in an automobile, (2) owned by said employer Dave Seigel, (3) being operated by Seigel's wife, defendant herein, (4) with Dave Seigel's consent, (5) that plaintiff was at said time an employee of Dave Seigel, (6) engaged in the course of his employment, (7) that on account of his injuries plaintiff was confined to his home, unable to work at his employment for a considerable period, and incurred expense for physicians, hospital, etc.

The issues having been made up by the pleadings, the defendant moved that the court enter a judgment against plaintiff in favor of defendant upon such pleadings; the motion setting out that on account of the admission by both parties of facts in the pleadings, as above related, the defendant is entitled to judgment upon the pleadings for the following reasons: (1) the facts show that plaintiff is not entitled to the relief demanded, (2) the facts show that plaintiff's injury was caused under circumstances creating a legal liability against his employer, Dave Seigel, (3) the facts show that said employer was the owner of the car in question, (4) the facts show the car was being operated by defendant with the consent of said Dave Seigel, (5) the facts show that the legal liability of Dave Seigel for plaintiff's injuries has been fully discharged; (6) that defendant is discharged from all liability on account of plaintiff's injury because there has been a discharge of the liability of the owner of

the car, (7) that plaintiff is entitled to but one complete remedy against Dave Seigel or the defendant, and the plaintiff, having elected to pursue his remedy against Dave Seigel, cannot now recover for the same injury on the same cause of action against defendant for the reason that under the laws of Iowa plaintiff must not resort to a multiplicity of actions, (8) that a verdict against defendant would be contrary to the verities of the case and contrary to the law, and it would be the duty of the court to set aside the same.

Defendant's first assignment of error, viz., that the court erred in overruling the above-described motion, we now consider. Defendant's contention is grounded on section 5026, 1931 Code, providing that in all cases where damage is done by an automobile, driven by consent of the owner, by reason of the negligence of the driver, the owner is liable for such damage, and is also grounded on the Workmen's Compensation Act (sections 1398, 1407) providing that the compensation for the employee as fixed by the act shall be the measure of liability which the employer has assumed for injuries or death that may occur to an employee in his employment, and that upon payment to the employee of the compensation provided by the act the employer shall be discharged from all further liability on account of such injury or death. Defendant's argument is that by reason of Code, section 5026, the defendant and Dave Seigel, the owner of the car, became jointly liable for any damages recoverable by plaintiff herein. Her next proposition is that Dave Seigel, the owner, was released from his liability for damages by reason of the payment of the workmen's compensation. Therefrom defendant draws the conclusion that defendant is also released because, as defendant claims, the release of one or more persons jointly liable for a tort releases all. We think defendant's conclusion is erroneous. One of the premises on which it depends is the statement that because of section 5026, Dave Seigel became liable to plaintiff for damages done by Seigel's car, because it was driven by his consent, and the damages were sustained by reason of negligence of the driver having such consent.

If this statement be correct, it must be because above section 5026 repealed or modified the provisions of the Workmen's Compensation Act, particularly sections 1398 and 1407, wherein the extent of the employer's liability is measured and limited as hereinbefore stated. We cannot ascribe such legisla-

tive intent in the enacting of section 5026, although the latter section was the later enactment. There being in section 5026 no express repeal of, nor reference to, any part of the Workmen's Compensation Act, it must be by implication if a repeal or modification of any of the provisions of the act was effected, and a statute will not be held to be repealed by inference unless absolutely necessary. The general rule is that if, by any fair and reasonable construction, prior and later statutes can be reconciled, both shall stand. Fowler v. Board, 214 Iowa 395, 238 N. W. 618. Another fundamental rule is that, in interpreting a statute to ascertain the true intent of the legislature, the court may consider what the law was before, the mischief against which it did not provide, the nature of the remedy provided, and its true reason, Stephens v. Davenport, etc., Ry. Co., 36 Iowa 327, and may consider the effect of the construction which is to be adopted, Long v. Schee, 86 Iowa 619, 53 N. W. 331. Likewise, statutes are to be interpreted according to their associations and environments. Junkin v. Knapp, 205 Iowa 184, 217 N. W. 834. On the one hand we have the Workmen's Compensation Act, intended by the legislature to be, within the scope of its operation, exclusive of all other legislation touching upon the compensation of the employee and the liability of the employer. Double v. Iowa-Nebraska Coal Co., 198 Iowa 1351, 201 N. W. 97; Hilsinger v. Zimmerman Steel Co., 193 Iowa 708, 187 N. W. 493. On account of such legislative intent that the act be exclusive in its field, it was held in the last-cited case that the act, though not repealing expressly or by implication code section 10986, according the father of a minor the right to maintain an action for the expenses and loss of service resulting from the injury or death of a minor child, yet the act did necessarily narrow the field of application of section 10986 to cases arising outside the field of the Compensation Act. On the other hand we have section 5026 enacted originally by the Thirty-eighth General Assembly as part of chapter 275, which was an act to repeal an earlier act relating to licensing and regulation of motor vehicles, and to enact a substitute, and to prescribe penalties for the violation thereof. What is now section 5026 was one of the things enacted evidently as incidental to the general purpose of reducing dangers to the public in the operation of automobiles. Thus we have the Compensation Act intended to be exclusive of other legislation in its field, and we have section 5026, a part of a body of

legislation occupying an entirely different field, viz., that of licensing and regulating automobiles, and the matter of public safety on the highways. The reasonable conclusion is that, after enacting the Workmen's Compensation Act with respect to the rights and liabilities of employer and employee, with intention that same should be entirely exclusive of other legislation in that field, the legislature did not intend that, by a mere implication to be drawn from section 5026 enacted as a portion of legislation having for its purpose the licensing and regulation of automobiles, there should be wiped out the distinctly exclusive character of the Compensation Act. To the contrary it might be said that section 5026 is so inclusive in its terms that the inescapable interpretation would make it applicable as between employer and employee. But we think the duty is imposed on courts to function, in the interpretation of statutes, in a manner more likely to ascertain the real intent of the legislature than would result from arbitrarily adopting the verbiage of a statute, without heeding other indications of legislative intent, and without considering the result of such arbitrary interpretation. In Oliphant v. Hawkinson, 192 Iowa 1259, 1263, 183 N. W. 805, 807, 33 A. L. R. 1433, this court quoted with approval the following:

"The intention of the lawmakers is the law. This intention is to be gathered from the necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to their real intent. In construing a statute the courts are not confined to the literal meaning of the words. A thing within the intention is regarded within the statute, though not within the letter. A thing within the letter is not within the statute, if not also within the intention. When the intention can be collected from the statute, words may be modified or altered, so as to obviate all inconsistency with such intention. (Hoyne v. Danisch, 264 Ill. 467, 106 N. E. 341.) When great inconvenience or absurd consequences will result from a particular construction, that construction should be avoided, unless the meaning of the legislature be so plain and manifest that avoidance is impossible. (People v. Wren, 4 Scam. [Ill.] 269.) The courts are bound to presume that absurd consequences leading to great injustice were not contemplated by the legislature, and a construction should be adopted that it may be reasonable to presume was contemplated."

All the foregoing matters considered, we are content to say that the true legislative intent was that section 5026 should have general application in the field the legislature was then considering; that is, the licensing and regulating of automobiles and safeguarding the public in their operation. Thus giving this section an interpretation which is full in its content and sufficient for the apparent purpose of the legislation, there appears to us that in the recognized rules of interpretation and in the environment and association and character of these statutes as pointed out there is necessity for saying that the legislature intended no excursion by implication into the field of legislation with respect to the rights and liabilities of employee and employer. We hold that there was no legislative intent in enacting what is now section 5026 to repeal or modify by implication or otherwise the provisions of the Workmen's Compensation Act we are considering. In fact, this proposition is conceded by appellant and by appellee in this case; they both asserting in argument that the only liability that was imposed on Dave Seigel was that imposed under the Compensation Act. The result in this case is that section 5026 imposed no liability on Dave Seigel to pay plaintiff damages on account of defendant's alleged negligence, and for that reason there could have been no release of Dave Seigel upon any cause of action on which he was liable jointly with defendant herein, as claimed by defendant.

Defendant's proposition that plaintiff is entitled to but one complete remedy against Dave Seigel or the defendant, and, having elected to pursue his remedy against Dave Seigel, cannot now recover for the same injury on the same cause of action against defendant, does not have merit in view of the facts herein. One very good reason defendant's proposition cannot be adopted is found in section 1382, 1931 Code. This section expressly provides that, when an employee receives an injury for which compensation is payable under the Workmen's Compensation Act, such injury having been caused under circumstances creating legal liability for damages against some other person than the employer, the employee may take proceedings against the employer for compensation, and may also maintain an action against such third party for damages.

As pointed out in Hilsinger v. Zimmerman Steel Co., 193 Iowa 708, 187 N. W. 493, there seems to be no warrant under our statutes for a motion for judgment upon the pleadings, as

filed in this case. However, the parties seem to have been agreeable to the submission of this issue in the lower court in such manner, and we have so treated it here, without intending to give sanction to the practice.

■■■ After the court below overruled the defendant's motion considered in the foregoing, plaintiff filed a motion to strike from Division One of defendant's answer the following matters: the allegations with reference to the execution by plaintiff of the memoranda of agreement with reference to workmen's compensation, and voucher for lump sum payment, copies of which are above Exhibits A to D; also the exhibits themselves; also the allegations that the New York Casualty Company was the compensation insurance carrier for Dave Seigel and paid the amounts set out in Exhibits A to D. As grounds for this motion plaintiff set out that the statements and allegations constitute no defense to any of the matters complained of by plaintiff, that the payments described cannot be used by defendant as a reduction in this action of any amount that may be recovered by plaintiff, that neither New York Casualty Company nor Dave Seigel are parties to this action, and that the allegations are immaterial to any issues between the parties and are surplusage. These matters, to which plaintiff's motion to strike was directed, constituted transactions that Dave Seigel or the insurance company could allege under code section 1382, in a proper pleading seeking to be indemnified out of plaintiff's recovery of damages to the extent of compensation by them paid plaintiff. But these were not matters according defendant any defense to plaintiff's cause of action. Southern Surety Co. v. Chicago, St. P., M. & O. Ry. Co., 187 Iowa 357 at page 361, 174 N. W. 329. The motion to strike was rightly sustained.

It follows that this case is affirmed.—Affirmed.

KINTZINGER, C. J., and ALBERT, PARSONS, DONEGAN, and HAMILTON, JJ., concur.