DAILY RECORD COMPANY, appellee, v. EVERETT ARMEL et al.,
appellants.

No. 48088.

(Reported in 54 N.W.2d 503)

July 28, 1952.

Clyde E. Herring, County Attorney, and A. R. Shepherd, Assistant County Attorney, for appellants.

H. M. Coggeshall, of Des Moines, for appellee.

Smith, J.—This appeal grows out of the passage of section 15, chapter 137 (H. F. 421), Acts of the Fifty-fourth General Assembly, but it requires preliminary examination of chapter 270, Acts of the Fiftieth General Assembly, passed in 1943. At that time section 10837, Code 1939, in a chapter entitled "Clerk of the District Court" provided:

"The clerk of the district court shall charge and collect the following fees, all of which shall be paid into the county treasury: 1. For filing any petition, appeal, or writ of error and docketing the same, one dollar and fifty cents."

Subsequent paragraphs fixed the amount of fees to be charged for other services.

In 1943 the legislature enacted said chapter 270 to provide for daily publication of district court proceedings and section 4 thereof amended the above quoted part of Code section 10837 by adding: "Provided that in counties of one hundred sixty thousand or over the fee shall be two dollars, of which fifty cents shall be known and designated as journal publication fee, to be

charged and collected for the purposes provided for in this Act."

As so amended section 10837 now appears as section 606.15, Code 1950. Polk County of course comes within the stated population classification.

The "purposes provided for in this Act" referred to in section 4, were defined in section 1 of said chapter 270 (now section 618.13, Code 1950) which authorized publication (by the clerk in any such county) of certain information concerning cases as filed and subsequent court proceedings and filings therein in a daily newspaper to be designated by the judges. Plaintiff here publishes the designated paper in Polk County.

Said chapter 270, in section 5 also provided the process by which the fifty cents ("journal publication fee") provided for in section 4 of the Act would reach the designated newspaper after passing through the county auditor's hands and into the county treasury. This is now section 622.93, Code 1950. Instead of referring to the journal publication fee by name or merely as the fee provided for in section 4 of the Act (above-quoted) it refers to it specifically as "a charge on the basis of fifty cents for each petition." Thus the same fee of fifty cents was mentioned specifically twice in the chapter and later appeared in both Code sections 606.15 and 622.93.

In 1951 the legislature by chapter 137, section 15, Laws of the 54th G.A., amended Code section 606.15, (effective May 11, 1951) *"by increasing by one hundred per cent the amount of the various fees therein directed to be charged by the clerk of the district court."* This is the legislation directly giving rise to the present case.

The first question under this amendment is whether the clerk in Polk County should hereafter collect a filing fee of $4.00 (double the $2.00 filing fee provided by Code section 606.15) in literal compliance with the language of the amendment; or only $3.50—double the county's $1.50 share of the $2.00 filing fee, plus fifty cents, the undoubled "journal publication fee."

Defendant county officers caused this problem to be submitted to the attorney general's office which ruled that: "To interpret the amendment by converting the two dollars into one and one-half dollars is [would be] changing an Act which was not changed by the legislature. Therefore, as a result of the

amendment \* \* \* the filing fee \* \* \* will be 'four dollars, of which fifty cents is allocated as a journal publication fee."

Thereupon plaintiff commenced this suit naming the board of supervisors, the county auditor and the clerk of the district court defendants. The trial court held plaintiff entitled to $1.00 out of each $4.00 filing fee. Defendants appeal.

I.   All parties, as well as the attorney general's office and the trial court, agree that the clerk's duty is to collect, not merely $3.50, but the full sum of $4.00, in lieu of the former so-called $2.00 filing fee. That interpretation accords exactly with the language of the amendment as applied to Code section 606.15.

We think it correct. Citations of authority are unnecessary. There is no ambiguity in the amendment on that point.

II.   But defendants claim that out of the so-called $4.00 filing fee, fifty cents only should be allocated as "journal publication fee." That was also the ruling of the attorney general's office. In other words the fifty cents is doubled as a part of the filing fee but not as a journal publication fee. The practical effect of such an interpretation would be to increase the county's share of the prior filing fee, originally provided by Code section 606.15, not by 100% but by 133⅓%. Certainly this does violence in two respects to the language of the amendment—"increasing by one hundred per cent the amount of the various fees therein directed to be charged by the clerk." It increases the county's net filing fee one third more than the specified 100% and fails entirely to increase the journal publication fee.

We must conclude with the trial court that the effect of the amendment was to double both fees. This again is in accord with the unambiguous language of the amendment. Whatever uncertainty there is arises from the language of section 606.15, subsection 1, which refers to a "filing fee" of $2.00 whereas the context of said chapter 270 as a whole makes clear the real or net filing fee is only $1.50 (the same as in every county of the state) and the fifty cents was an additional fee for additional service, not rendered in counties of less than 160,000 population.

Part of the confusion at this point perhaps arises from the fact that while said chapter 270 was one complete statute devoted to one purpose, i.e., the publication of district court proceedings

in qualified counties, it could not, because of editorial difficulties, be codified as one complete chapter, but the various sections had to be distributed in various appropriate places in the Code. At least that is what happened.

Chapter 270 must nevertheless be interpreted as a whole. See 50 Am. Jur., Statutes, section 349, page 346, where the rule is stated: "Indeed, as a general rule, where legislation dealing with a particular subject consists of a system of related general provisions indicative of a settled policy, new enactments of a fragmentary nature on that subject are to be taken as intended to fit into the existing system and to be carried into effect conformably to it, and they should be so construed as to harmonize the general tenor or purport of the system and make the scheme consistent in all its parts and uniform in its operation, unless a different purpose is shown plainly or with irresistible clearness." See also 59 C. J. 1094, 1095.

So interpreted said chapter 270 did not in reality change the former $1.50 filing fee but added to it a separate fifty-cent fee to be devoted to the purpose of the chapter according to its various sections now found in different parts of the Code. And the "charge on the basis of fifty cents", mentioned in section 5 (now Code section 622.93) is the identical fifty-cent fee referred to in section 4 of chapter 270, now Code section 606.15. It is one of "the various fees therein directed to be charged by the clerk of the district court" which the amendment says is to be increased by 100%.

All this means that the second sentence in 606.15, subsection 1, must be interpreted to be in effect a provision that the clerk charge and collect a journal publication fee of fifty cents in addition to, but not as a part of, the $1.50 filing fee. The fact that the two together are then called a filing fee is unimportant.

A recent writer in the Iowa Law Review says: "Few, if any, callings trouble more with words than does that of the legal profession." It can be said however that no profession troubles less with the technical meaning when the real meaning is clear. "Words in common use are to be given their * * * commonly understood meaning * * * unless it is plain from the statute that a different meaning was intended, or unless such construction would defeat the manifest intention of the legislature." 59 C. J.,

Statutes, section 577 (pages 974–978); McGraw v. Seigel, 221 Iowa 127, 132, 263 N.W. 553, 106 A. L. R. 1035, citing Oliphant v. Hawkinson, 192 Iowa 1259, 1263, 183 N.W. 805, 33 A. L. R. 1433.

III. We have then this situation: Plaintiff's original journal publication fee of fifty cents has now been changed to a $1.00 fee without expressly amending or changing the reference to it in Code section 622.93—"on the basis of fifty cents for each petition." Because of this defendant county officials deny that the publication fee is increased and claim the increase belongs to the county as a part of the filing fee. They argue two propositions: 1. That the population classification is proper as a constitutional basis for giving their county an increase of 133⅓% while other counties receive an increase of only 100% of the former $1.50 filing fee; and 2. That the language of the 1951 amendment should be construed as intending that effect.

We need not discuss the first contention since, as already stated, we think the second must be rejected. Everybody agrees the former $2.00 is doubled. But we find nothing in the language of the amendment to suggest it was intended as special legislation for the benefit of counties of 160,000 and over population. Certainly the law does not especially favor special legislation. We should hesitate to construe a doubtful Act as such in view of our constitutional restrictions on the scope of special laws. Constitution of Iowa, Legislative Department, Article III, section 30.

The amendment we are considering is in form a general Act indicating no preference for any one county over others. In each county the fees to be collected by the clerk were doubled.

It should not be construed as a special Act merely because it has the incidental effect of amending a former special Act. Chapter 270, enacted by the 1943 legislature (50 G. A.) was in effect special legislation, not because it increased the nominal (but not the real) filing fee in certain counties, but because it provided a special service in certain counties to be paid for by a special fifty-cent fee, constituting a part of the so-called $2.00 filing fee. The constitutionality of chapter 270 has of course never been and is not now challenged.

Defendants argue here that in determining the intent of the legislature in enacting the 1951 amendment we must consider

only the intent of the Fifty-fourth and not that of the Fiftieth General Assembly. They cite Chappell v. Board of Directors, 241 Iowa 230, 39 N.W.2d 628.

We do not see the pertinence here of the argument or of the cited case. We find no language in the presently considered amendment that would justify imputing to the legislature any intention of giving a county of 160,000 any greater or less preference than was given by the legislature in 1943 in enacting chapter 270.

▇ IV. The real difficulty here springs from the fact, already pointed out, that Code section 622.93 provides machinery for plaintiff to collect its journal publication fee "on the basis of fifty cents" and the amendment involved here did not mention or expressly amend that Code section. Hence it is argued the additional fifty cents collected by the clerk can be retained by the county. Plaintiff must, defendants in effect claim, be denied the benefit of an increase granted by the express language of the amendment and the county benefit by it contrary to its clear intendment.

▇ But the court is not so powerless as to permit that result. We think the additional fifty cents collected from the litigant who files the case in the clerk's office in fact belongs to the publisher who renders the service for which the journal publication fee was provided by Code section 606.15(1). We find no difficulty in holding the related procedural statute by which he collects it (Code section 622.93) has been amended by necessary implication. Wherever a power or right is conferred by statute everything necessary to carry out such power or protect such right and make it effectual and complete will be implied. Willis v. Consolidated Ind. Sch. Dist., 210 Iowa 391, 396, 227 N.W. 532; Gilchrist v. Bierring, 234 Iowa 899, 906, 14 N.W.2d 724; 59 C. J. 973; 50 Am. Jur., Statutes, section 242 (page 237, note 8).

We need not consider plaintiff's suggestion that it might collect its fee even in the absence of Code section 622.93. The suggestion possibly has merit in view of the fact that section 606.15 now fixes the amount of the fee at $1.00, which belongs to plaintiff which performs the service. But we do not pass on that proposition.

V. There is in the record a so-called "Explanation of H. F.

421." Defendants, in their brief, refer to it as an explanation given by the authors of the bill. The record itself does not disclose its source or how or by whom it was introduced. Apparently both parties agree it may be considered by us.

It refers to the purpose of the bill as being "to adjust the fees for services rendered by the various county offices" stating "all such fees go into the county general fund." It says most of them "have remained unadjusted for more than fifty years * * *" and refers to increased "costs of furnishing the various services."

Giving it such weight as it merits we find no reason to change the conclusion we have reached. The decision of the trial court is —Affirmed.

All JUSTICES concur.