## IN THE COURT OF APPEALS OF IOWA

No. 15-0814
Filed April 27, 2016

**ROBERT SIMON,**
    Plaintiff-Appellant,

**vs.**

**CONNIE SIMON,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

Robert Simon appeals the district court's dismissal of his fraud petition against Connie Simon.  **AFFIRMED.**

Robert Simon, Lewiston, Minnesota, for appellant pro se.

Connie Simon, Dubuque, for appellee pro se.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Robert and Connie Simon divorced in 2010 after a thirty-year marriage. The district court awarded Connie a sixty-seven-acre farm in Dubuque County, which Connie valued at $300,000. The court stated the award was in lieu of spousal support. Robert did not file an appeal.

In 2014, Robert filed a "complaint for fraud" alleging Connie "perpetrated fraud" in the divorce action and "as a result . . . injured and damage[d]" him. In an amended petition, Robert alleged the award of the sixty-seven acres "solely" to Connie was based on Connie's misrepresentation of the property's value.

Following trial, the district court concluded Robert "failed to demonstrate that Connie knowingly misrepresented anything" or had "any intent to deceive," or that "he (or the divorce court) justifiably relied on any of the supposed statements by Connie." The court further concluded Robert failed to prove damages. The court later denied Robert's motion for enlarged findings and conclusions.

On appeal, Robert reprises his challenge to Connie's representations during the divorce trial. Connie responds that "if Robert disagreed with the Dissolution of Marriage he had all rights to appeal it, which he didn't." Connie raised the same argument in a pretrial brief, asserting Robert "never tried to disprove or appeal that the stated opinion of value was being intentionally over or under stated . . . before the decree was made or with in [sic] the allowed time for an appeal after the Dissolution of Marriage Decree was signed and filed." In effect, she argues Robert's fraud petition was an impermissible collateral attack on the dissolution decree. We find this argument dispositive. *See DeVoss v.*

*State*, 648 N.W.2d 56, 61 (Iowa 2002) (noting we have "upheld a district court ruling on a ground other than the one upon which the district court relied *provided* the ground was urged in that court").

"A collateral attack on a judgment is an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it . . . ." *Stake v. Cole*, 133 N.W.2d 714, 718 (Iowa 1965) (citation omitted). Robert's fraud petition was just that. Plainly and simply, he took issue with the divorce court's decision to award the sixty-seven-acre farm to Connie in lieu of alimony. As noted, this aspect of the dissolution decree is also the focus of his appeal. He asserts, "The Divorce Court record fails to show that an equal division was properly considered," Connie's claim "for $250 a month [in spousal support] for 15 years is without a shadow of a doubt unjustified," and Connie "simply is not credible."

Robert could have but did not raise these concerns in an appeal from the dissolution decree. Robert also did not raise the concerns in a petition to vacate the decree, which expressly authorizes challenges to judgments based on fraud. *See* Iowa R. of Civ. P. 1.1012(2); *see also Heishman v. Heishman*, 367 N.W.2d 308, 310 (Iowa Ct. App. 1985) ("The claimed irregularities should properly have been asserted in a motion to set aside the judgment . . . ."). While Robert may be suggesting his fraud petition was essentially a petition to vacate, we cannot construe it as that because rule 1.1012(2) requires a "timely" petition and timeliness is defined as "within one year after the entry of the judgment or order involved." Iowa R. Civ. P. 1.1013(1). As noted, Robert's petition was filed four years after the decree was entered. *See In re Davidson*, No. 14-0204, 2014 WL

6977276, at *4 (Iowa Ct. App. Dec. 10, 2014) (concluding certain challenges to a dissolution decree raised in a civil fraud petition "should have been raised within one year after the entry of judgment"); *Lincoln v. Lincoln*, No. 12-0121, 2012 WL 4100882, at *2 (Iowa Ct. App. Sept. 19, 2012) (concluding a petition alleging false financial representations by a spouse in dissolution proceedings amounted to a collateral attack on the dissolution decree).[1]

We recognize that, in *Davidson,* this court saved one count of a fraud petition because the count was founded on allegations of "post-dissolution representations." *See Davidson*, 2014 WL 6977276, at *6. Robert's petition squarely rests on Connie's representations during the dissolution proceedings. He said he believed Connie would obtain an appraisal of the sixty-seven-acre property and this belief gave him a "false sense of security" that the asset would be divided equitably. In his view, "Connie's secret intention was not to obtain an appraisal." Because Robert's petition was premised on representations during the dissolution proceedings, the petition was an impermissible collateral attack on those proceedings. However, even if the petition could be construed as alleging fraud outside the dissolution, the district court correctly concluded Robert failed to prove the elements of his fraud claim.

We affirm the district court's dismissal of the fraud petition.

**AFFIRMED.**

---

[1] Robert does not rely on an exception for judgments believed to be void for lack of subject matter jurisdiction. *See Heishman*, 367 N.W.2d at 310. This exception would nullify the divorce. *See Lincoln*, 2012 WL 4100882, at *1.