# IN THE COURT OF APPEALS OF IOWA

No. 18-1217
Filed August 21, 2019

**PABLO BENAVIDEZ,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.


Pablo Benavidez appeals a district court remand order with regard to his application for postconviction relief. **AFFIRMED.**


Christine E. Branstad of Branstad & Olson Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Richard J. Bennett, Assistant Attorney General, for appellee State.


Considered by Vaitheswaran, P.J., and Tabor and Greer, JJ.

**VAITHESWARAN, Presiding Judge.**

This is the fifth appeal relating to the first-degree murder conviction of Pablo Benavidez, which resulted in a sentence of life in prison without parole. *See Benavidez v. State*, No. 17-1079, 2018 WL 1182625, at *2 (Iowa Ct. App. Mar. 7, 2018); *Benavidez v. State*, No. 13-0109, 2014 WL 468021, at *2 (Iowa Ct. App. Feb. 5, 2014); *Benavidez v. State*, No. 08-2039, 2010 WL 1875710, at *2 (Iowa Ct. App. May 12, 2010); *State v. Benavidez*, No. 04-1782, 2005 WL 3478094, at *2 (Iowa Ct. App. Dec. 21, 2005). In the 2018 appeal, Benavidez challenged a penalty imposed following the district court's finding that his third postconviction-relief application was frivolous. *See Benavidez*, 2018 WL 1182625, at *1. Specifically, he argued that the district court impermissibly deducted fifty percent of the average balance in his inmate account without first determining whether he had earned time credits to deduct. *See id.* This court agreed with his argument. *Id.* at *1–2. We remanded the case "for a determination as to the appropriate sanction."

On remand, the district court found that, when the district court entered its original sanction order, Benavidez "had 5748.40 days of earned time." The court deducted 5000 days of those earned time credits.

In this appeal from the remand order, the only issue is whether the district court abused its discretion in deducting 5000 days of Benavidez's earned time credits as a penalty for filing a frivolous action. *See Maghee v. Iowa Dist. Ct.*, 712 N.W.2d 687, 695 (Iowa 2006) (setting forth standard of review). Benavidez argues the district court "only consider[ed] the position and information provided by [the State], which is itself an abuse of discretion."

Our statute on civil litigation by inmates and prisoners requires the imposition of penalties on a finding that an action is frivolous. *See* Iowa Code §§ 610A.2(1)(b) (authorizing dismissal of an action on a finding that "[t]he action . . . is frivolous"); 610A.3(1) (stating the inmate "shall be subject to" the enumerated penalties if an action is dismissed pursuant to section 610A.2) (2018). The provision authorizes "[t]he loss of some or all of the earned time credits acquired by the inmate or prisoner." *Id.* § 610A.3(1)(a).

At the remand hearing, the prosecutor recommended a deduction of "all" the credits because, in her view, it was "not much [of] a sanction to begin with, for someone who is serving a life sentence without the possibility of parole." Contrary to the State's recommendation, the district court deducted "some" of Benavidez's accrued earned time credits, albeit a large "sum."[1] The court exercised its discretion, and we discern no abuse of discretion.

We affirm the district court's deduction of 5000 days of earned time credits as a penalty for Benavidez's frivolous filing.

**AFFIRMED.**

---

[1] In his reply brief, Benavidez attempts to re-litigate the district court's original finding that the third postconviction-relief application was frivolous. We do not consider the issue because (1) his argument is an impermissible collateral attack on a final decision, *see* *Heishman v. Heishman*, 367 N.W.2d 308, 309 (Iowa Ct. App. 1985) ("It is well-established that a decree or judgment generally cannot be attacked collaterally"); (2) his trial attorney informed the district court that he did "not dispute that the post-conviction relief action he filed was frivolous"; and (3) we do not consider issues raised for the first time in a reply brief, *see* *Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992).